## OHIO WATER SERVICE CO v WASHINGTON (city)

Ohio Appeals, 2nd Dist, Fayette Co

No 217.   Decided Dec 28, 1934

Troy T. Junk, Washington C. H., and Miller, Thompson & Dunbar, Columbus, for plaintiff in error.

Max E. Dice, City Solicitor, Dayton, for defendant in error.

SHERICK, J, (5th Dist)
sitting by designation.

## OPINION

By THE COURT

The question for determination is whether or not (d), §5625-33 GC, has application to the ordinance of date May 5, 1930, passed by the council of said City and duly accepted by the Company. It is conceded that no certificate of the fiscal officer of the City as provided in (d), §5625-33 GC, was attached to the accepted ordinance. §5625-33 GC, insofar as pertinent, reads:

"No subdivision or taxing unit shall:

(d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract is made), has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. Every such contract made without such a certificate shall be void and no warrant shall be issued in payment of any amount due theeron."

It is the claim of the Company that the proceedings whereby the ordinance of the City was enacted and duly accepted by the Company did not constitute a contract or transaction contemplated by (d) of §5625-33 GC and that no certificate as therein provided was necessary. It is further claimed that if such certificate is required within the import and meaning of the section, then it is unconstitutional as being a limitation on the powers of the municipality to contract for public utility service under §§IV and V of Article XVIII of the Constitution; that since the Legislature has made it the mandatory duty of plaintiff to furnish its product and service to defendant after acceptance of the ordinance and has provided for just compensation for such product and service, if sub-section (d) of §5625-33 GC be construed so as to deprive plaintiff of such compensation and results in the taking of plaintiff's property without due process of law it is therefore in violation of the state and federal constitutions.

At the outset it may be said that we have been provided with the opinion of the trial court in this cause. We find therein a splendid exposition of the law on the questions presented and with the conclusions therein announced and the reasons therefor we are in accord. It is, indeed, doubtful if we can add anything to that which is already stated in the opinion of Judge Rankin.

We have examined with particularity the propositions presented and contended for by counsel for plaintiff but we find no insuperable difficulty in construing the statute under consideration in harmony with all state and federal constitutional provisions. The prerequisites to the payment of money by the City under any contract are definitely set forth in the statute. They merely prescribe the method and procedure concerning which every individual and corporation who deals with the City must take notice. Such prerequisites to the payment of money do not amount to a limitation on the power of the City to contract for public utilities service but come clearly within the letter and the spirit of §VI, Article XIII and §XIII, Article XVIII of the Constitution of Ohio.

We adopt the opinion of Judge Rankin

in its entirety and hold that the demurrer to the petition was properly sustained.

The judgment will, therefore, be affirmed.

HORNBECK, PJ, BARNES and SHERICK, JJ, concur.