### HASTY v WELLER

Probate Court, Montgomery Co

No 88958. Decided Dec 31, 1940

Daniel L. Dwyer, Dayton, for applicant.

### OPINION

By WISEMAN, J.

On April 16, 1940, this court appointed Florence Hasty as guardian of the person and estate of Nellie S. Weller,

an incompetent person, and on December 27, 1940, said guardian filed a petition in the Probate Court to sell the interest of said ward in a piece of real estate. The ward and all other persons having an interest therein were made parties defendant as required by §10,-510-16 GC. Proper service has been made on all the defendants.

The guardian, on the same day the petition was filed, filed an application for the appointment of a guardian ad litem or a trustee to make a defense for said ward. The application is as follows:

"Now comes Florence Hasty, the duly qualified and acting guardian herein, and makes application to the court for an appointment of a guardian ad litem or a trustee for Nellie S. Weller, an incompetent person.

"Said Florence Hasty represents to the court that she is the plaintiff in the within civil action to sell the ward's fractional interest in a piece of real estate and brings the action in her official capacity as guardian. The said Florence Hasty avers that she is no relative of the ward, Nellie S. Weller, and that her only interest herein, in contemplation of the provisions of §10507-26 GC, is the bringing of the within action in her official capacity as guardian; and that she is not personally interested in the proceedings herein.

"Wherefore, Florence Hasty, guardian, prays that a guardian ad litem or a trustee be appointed to represent the interest of the ward in the within proceedings to sell real estate belonging to the ward."

The allegations in the application being true, should the court appoint a guardian ad litem or a trustee to make defense? The application raises a legal question which has been troublesome to lawyers and abstractors.

Although the application concerns a person under disability by reason of incompetency, the principle of law involved is equally applicable to all persons under disability whether by reason of infancy, insanity, or incompetency.

it becomes necessary to examine the Ohio law in regard to the manner in which a defense is made for all persons under disability.

The defense of an insane person is made by a guardian or trustee under §11249 GC which provides as follows:

"The defense of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by the trustee for the suit, appointed by the court. If the insanity of a party be discovered, or he becomes insane, after action brought, it thereafter shall be prosecuted or defended by his guardian, or his trustee appointed as herein provided."

The defense of an infant is made by a guardian for the suit, under §11252 GC, which provides as follows:

"In an action against an infant, his defense must be by guardian for the suit, who may be appointed by the court in which it is being prosecuted, or by a judge thereof, or by a probate judge."

There is no comparable section in our code of civil procedure applicable to the class of persons regarded as incompetent.

The general duties of a guardian are set forth in §10507-15 GC which, so far as it is applicable to this case, provides as follows:

"In addition to such other duties as are provided by law, every guardian appointed to take care of the estate of a ward shall have the following duties: * * * 3. * * * To appear for and defend, or cause to be defended, all suits against his ward;"

The 1932 Probate Code contains §10507-26 which is applicable to all persons under disability, and applies to proceedings filed only in the Probate Court. This section provides as follows:

"Whenever a ward for whom a guardian of the estate, or of the person and estate, has been appointed, is interested in an estate or under a will, or in any other proceeding in the Probate Court, such guardian shall in all proceedings in the Probate Court act as guardian ad litem for such ward, except as to suits or proceedings in which the guardian is personally interested. Whenever a minor or other person under disability, for whom no guardian of the estate, or of the person and estate, has been appointed, is interested in an estate or under a will, or in any other proceedings in the Probate Court, the Probate Court shall have power to appoint such a guardian who shall in all proceedings in the Probate Court act as guardian ad litem for such person, except as to suits or proceedings in which the guardian is personally interested. In a suit or proceeding in which the guardian is personally interested, the Probate Court shall appoint a guardian ad litem."

These two sections in the Probate Code are the only statutory provisions applicable to incompetents. It will be observed that the law provides that a ward who is insane must be defended by a guardian or trustee, and an infant by his guardian or guardian ad litem. In a land sale proceeding brought by an executor or administrator, an incompetent person may be defended by his duly appointed guardian, and if he has no guardian, by a guardian ad litem appointed by the court in which the suit is instituted.

In the case at bar, however, the action is brought by the duly appointed guardian for the incompetent ward. Can the guardian who brings the action as party plaintiff, make defense for the ward as a party defendant; or is the court required to appoint another person as guardian ad litem or trustee? This question calls for the construction of the foregoing sections of our general code. The court finds no reported opinion since the enactment of the 1932 Probate Code.

In order to determine this question, the court finds it profitable to investi-gate the Ohio case law relative to the underlying reason for appointing a guardian ad litem or trustee to make a defense for a person under disability whether by reason of infancy, insanity, or incompetency.

In **21 O. Jur.,** under the general subject of **Infants, §51,** this matter is discussed. We quote excerpts from the text as follows:

"There is in contemplation of law a complete parallel between a lunatic and an infant defendant. In either case the court before whom the proceedings are had is bound to see that the defense is conducted by a competent person, who must be recognized by the court as authorized to make a defense. The legal representative of an infant in making defense to an action was called, at common law, his guardian ad litem, and this term is preserved in modern practice. * * *.

"A suit against an infant can not be prosecuted without a guardian ad litem; the appointment of such a guardian can not be dispensed with by the legal guardian of the infant."

In **22 O. Jur.,** under the general subject of insane persons, in §44, this matter is discussed. We quote excerpts from the text as follows:

"The first step, and one absolutely necessary before the court can proceed to determine the merits of the case, is to give the lunatic capacity in making his defense, which can only be done by some competent representative, authorized and required by the court to make the defense—a guardian or representative ad litem."

The text writer then discusses the provisions of §11249 GC as follows:

"* * * under it the appointment of a trustee to conduct the defense of an action is only authorized in case there is no guardian, or in case the legally appointed guardian has an adverse interest; * * * the purpose, under all authorities, and by virtue of its language, is the security and protection of the

insane person; the language of the statute is that the action shall be prosecuted or defended by his guardian or trustee, appointed as provided in that section. Also in proceedings in the Probate Court the guardian shall act as guardian ad litem for the ward, except as to suits or proceedings in which the guardian is personally interested, in which case the Probate Court shall appoint a guardian ad litem."

The law and the courts have zealously guarded the interests of persons under disability. The courts have repeatedly held that a defendant under disability must have a defense made for him by a competent person appointed by the court; otherwise, the proceeding will be held to be irregular. Thus, it has been held that it is error to enter a decree against an infant defendant until a guardian ad litem is appointed and appears or is served with process. **St. Clair v Smith, 3 Ohio 355.**

In **Sturges v Longworth, 1 Oh St 545,** it was held to be error for the court to decree against a lunatic without an answer from his guardian ad litem. In that case a guardian ad litem was appointed but failed to file an answer. The court on page 554 say:

"It is the duty of the person thus appointed to plead and prove to the court any matters of defense that he may find the case susceptible of. If he knows of no defense, or has no information in the case, he can so state in his answer. There is one thing that he can always do—he can put the case at issue. Being the representative of the defendant, merely for the purpose of making defense, and receiving no authority from the defendant himself, he can admit nothing against the defendant."

On page 555 the court say:

"We have attempted to show that the thing of appointing a guardian ad litem to defend a lunatic was important and necessary as a matter of principle; but, supposing that the appointment and answer, and all the proceedings in reference to it, were merely formal, still this would not justify dispensing with them. Forms are the means used for carrying into effect the principles of the law."

The leading case in Ohio which sets forth the duties of a guardian ad litem, and the purpose for his appointment to make defense for his ward, is **Long v Mulford, 17 Oh St 484,** in which it was held:

"It is the duty of a guardian ad litem to make for the infant a proper defense, and for this purpose to bring the rights of his ward under the consideration of the court for decision."

In **Bennett v Fleming, 105 Oh St 352,** the court on page 356 and 357 reviews the case of Long v Mulford, supra, and on page 359 quotes from the opinion as follows:

" 'The appointment of a guardian ad litem is not a mere matter of form. A suit against an infant can not be prosecuted without such guardian; and the object of the requirement is to secure to the infant a proper defense. "It is the duty of the guardian ad litem to ascertain from the infants and his friends, or from other sources of information, what are the legal and equitable rights of his ward, and it is the special duty of the guardian to bring those rights directly under the consideration of the court for decision" '."

A judgment rendered against an insane person without the intervention of a trustee or guardian, and in favor of one having knowledge of the insanity, is not void, but voidable. **Johnson v Pomeroy, 31 Oh St 247.**

It is an irregularity which may be taken advantage of on error, but which will not invalidate the judgment, and such judgment can not be collaterally attacked. **Walter v Drapp, 7 N. P. 232.**

The appointment of a guardian ad litem can not be dispensed with except when authorized by statute. **Roberts v Roberts, 61 Oh St 96.**

In **Rankin v Kemp, 21 Oh St 651**, it was held that under the act of 1858 which required guardians of infants to "appear for and defend, or cause to be defended, all suits" against their wards, the appearance and answer by the guardian, without objection by the court, was a sufficient compliance with the law and it was held to be as effective as if the guardian had been expressly appointed guardian ad litem by the court and had appeared and answered as such. See also **Ewing v Hollister, 7 Ohio (Part 2), 138; Segal v Eagle Bldg. Co., 11. C. C. (N.S.) 481.**

After reviewing the statutory and case law on the subject, the court makes the following deductions: The purpose for appointing a guardian ad litem or trustee to make defense for persons under disability, is to have a competent person make a proper defense for the ward; to put in issue all of the material allegations in the petition, and to make certain that the interest of the ward is properly brought to the attention of the court; the appointment of a guardian ad litem or trustee can not be dispensed with except by statute; it is error for the court to render judgment or decree until the answer of the guardian ad litem or trustee is filed; the failure to appoint a guardian ad litem or trustee does not render the proceedings absolutely void, but only voidable; such irregularity can not be attacked collaterally, but it is such an irregularity as to be considered reversible error.

The court finds that §11249 GC relative to insane persons, and §§10507-15 and 10507-26 GC, are in pari materia; that §11252 relative to infants, and §§10507-15 and 10507-26 GC are in pari materia; and that §§10507-15 and 10507-26 GC, are in pari materia, and are the only sections which control defenses made by ward under the disability of incompetency.

The contention is made that an absurd situation will arise if the guardian who brings an action as party plaintiff, also defends for the ward as a party defendant for whom he must file an answer and deny the material allegations alleged in his petition.

The state Legislature, in the enactment of §10507-26 GC, recognized the necessity of some competent person making a defense for the ward who is named a party defendant in an adverse proceeding. This defense must be made even though the action is brought by the guardian for the ward. It is only in such cases that the absurdity arises. It lay within the power of the Legislature to provide who should make a defense for a person under disability. The Legislature in its wisdom provided that the guardian who had already been appointed by the court, and who is presumed to act for the best interest of the ward, may make such defense if he is not personally interested. The apparent inconsistency which arises by reason of the fact that the guardian acts as party plaintiff and defends as party defendant for the ward, disappears when we become cognizant of the fact that the guardian in each separate capacity, is legally supposed to be acting for the best interest of the ward.

Is the court required to appoint the guardian as guardian ad litem to make defense for the ward under the provisions of §10507-26 GC? This section does not expressly provide that the court shall again make an appointment. It does expressly provide that the guardian "shall act as guardian ad litem for such ward." While it is true that a guardian ad litem takes his authority from the court rather than from the ward, under the provisions of this section no additional appointment is necessary. The statute itself operates to give the guardian sufficient authority to proceed to make the proper defense which will put in issue all the material allegations in the petition, so that the interest of the ward will be brought to the attention of the court.

It may be contended that the appointment of a guardian ad litem, under the facts in this case, is discretionary with the court. This court is

of the opinion that the ■ court can exercise no discretion in this matter. Sec. 10507-26 GC is clear and positive in its provisions, and gives full power and authority only to the guardian to make defense, unless it be found that such guardian is personally interested. The appointment of a guardian ad litem, under the facts in this case, would be a nullity.

The matter of personal interest of the guardian is bound to arise. It is of such importance as to require a finding of the court, which should be made a matter of record. A finding in the judgment entry that the guardian had no personal interest would perhaps be sufficient, but it occurs to this court that the judgment of the court should be given on the question of personal interest of the guardian immediately after the action is begun. If "personal interest" is found to exist, a guardian ad litem can then be appointed who will be able to file an answer within time. To that end, this court suggests that the proper procedure and the better practice would be for the guardian, upon the filing of the petition, to file an application stating ■ that he has no personal interest and requesting that the appointment of a guardian ad litem be dispensed with under §10507-26 GC. Upon hearing, the court would make a finding as to the personal interest of the guardian, and grant the proper order.

What is such a "personal interest" as would preclude the guardian from making the defense? Our own Court of Appeals, in **Kellough v Moses**, 32 O. C. A. 49, in a land registration suit held:

"A person not interested in the subject matter of litigation may be appointed to act as guardian ad litem of a minor defendant. The fact that the guardian ad litem is loyal to and a partisan of the ward is no disqualification."

On page 52 the court say:

"It is claimed that J. T. Journell is not a 'disinterested' person and was, therefore, incompetent to be appointed as guardian ad litem in the present case.

" 'Disinterested' as used in the registration act evidently means one not interested in the subject matter. We think the fact that Journell was loyal to and even a partisan of the interests of Lucille Stewart was no legal objection to his competency to be appointed to act as guardian ad litem."

In the case at bar, the court finds that the only interest which the guardian has in the proceedings ■ is the bringing of the action in her official capacity as guardian. This is not such an interest as would preclude her from making a proper defense. The guardian has no personal interest in the subject matter involved in the proceeding, and consequently is not "personally interested" within the meaning of this term as used in §10507-26 GC.

The application for the appointment of a guardian ad litem or a trustee to make a defense for the incompetent ward will be denied.

The court directs the guardian to file an application in this proceeding, requesting the finding of the court that the guardian is not personally interested, and dispensing with the appointment of a guardian ad litem under the provisions of §10507-26 GC.