**ROBINSON, Plaintiff-Appellee, v. GATCH, et Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7104.   Decided July 5, 1949.

438

Burke & Cooney, Cincinnati, for plaintiff-appellee.
John N. Gatch, Frank A. Roberts, Robert F. Groneman,
Wm. J. Creed, Cincinnati, for defendants-appellants.

## OPINION

By HILDEBRANDT, J.

Law appeal from a judgment setting aside the will of
Margaret Curley, deceased, after a jury's verdict against the
will.

After the verdict and judgment entered thereon and during
the pendency of a motion for new trial, it was discovered that
no Guardian Ad Litem had been appointed prior to the trial
for a ten year old infant defendant, upon whom service of
summons had been properly made, and to whom by Item Six
of the will was given the sum of One Thousand Dollars.

On motion, a Guardian Ad Litem was appointed, who ac-
cepted the assignment, and filed what was styled "Report
of Guardian Ad Litem," reciting inter alia that the plaintiff
had voluntarily paid to the Clerk of Courts the sum of $1000.00,
to be paid to the infant defendant, so that he would thereby
receive exactly the same amount bequeathed him in the will,
had it been sustained. Thereafter, the court approved an
entry, authorizing the payment of the full One Thousand
Dollars to the regular guardian of the estate of said minor.

The failure to appoint the Guardian Ad Litem before trial
was included as a ground in the motion for new trial.

What is the effect of the failure to appoint a Guardian Ad
Litem for the infant defendant here prior to the trial?

The statute, §11252 GC, requiring the defense of an infant
to be made by a Guardian for the suit is mandatory, and not
a mere matter of form. Burns v. Burns, 20 O. N. P. (n. s.)
116; **Long v. Mulford, 17 Oh St, 484.** The Long case is the
leading Ohio case setting forth the duties of a Guardian Ad
Litem and the purpose of the appointment.

In **Hasty v. Weller, 33 Abs, 190,** the Court, after reviewing the statutory and case law, made the following deductions with which this Court is in accord:

"The purpose for appointing a guardian ad litem or trustee to make defense for·persons under disability, is to have a competent person make a proper defense for the ward; to put in issue all of the material allegations in the petition, and to make certain that the interest of the ward is properly brought to the attention of the court; the appointment of a guardian ad litem or trustee can not be dispensed with except by statute; it is error for the court to render judgment or decree until the answer of the guardian ad litem is filed; the failure to appoint a guardian ad litem or trustee does not render the proceedings absolutely void, but only voidable; such irregularity can not be attacked collaterally, but it is such an irregularity ·as to be considered reversible error."

It is, therefore, clear that the original judgment herein could not bind the infant-defendant, and, on appeal by the Guardian Ad Litem for the infant, this Court would be required to reverse the judgment and remand the cause for retrial.

However, it is well settled in Ohio and universally held that after service of summons properly made upon an infant defendant as in this case, the appointment of a Guardian Ad Litem is a mere matter of procedure, and not one of jurisdiction, so that a judgment entered against an infant defendant, for whom no Guardian Ad Litem has been appointed, is not absolutely void, but voidable only. **Johnson v. Pomeroy, 31 Oh St, 247,** wherein it is stated in the first paragraph of the syllabus:

"A judgment rendered against an insane person, without the intervention of a trustee or guardian, and in favor of one having knowledge of the insanity, is not void."

See, also: **21 O. Jur., 910, Sections 51-53;** and 27 Am, Jur., 842, section 121 "Infants":—

"While the appointment of a guardian ad litem for an infant defendant is not jurisdictional in the sense that failure to make such appointment deprives the court of power to act and renders such judgment void, a judgment rendered against an infant in an action in which he was not represented by a guardian ad litem or a general guardian is erron-

eous, and can be overthrown by writ of error coram nobis, or by motion in the same court, or by proper appellate proceedings, at least where the want of such representative affects the substantial rights of the infant."

In 43 C. J. S. 279, it is stated:

"The fact that an infant party is not represented by a guardian ad litem or next friend, as a general rule, renders the proceedings erroneous, but the judgment entered therein is not void."

It is further stated at page 281:

"Adult parties cannot invoke the infancy of another party not represented by guardian ad litem to set aside the decree as to themselves."

It, therefore, becomes apparent that the real question in this case is as to the validity of the settlement effected by the Guardian Ad Litem and approved by the Court.

After judgment adverse to his ward, the Guardian Ad Litem has the right to appeal and the duty to do so if it appears reasonably to the advantage of the infant defendant.

By appeal here, the Guardian Ad Litem could clearly obtain a reversal of the judgment adverse to his ward and a retrial of the issues involved. By a compromise or settlement of the right to appeal, approved by the court, the Guardian gained for the ward everything the ward would ever have been entitled to on appeal and ultimately successful retrial. It was, therefore, clearly to the advantage of the ward. The Guardian Ad Litem effected a compromise and settlement of the right to appeal the judgment adverse to his ward by securing the payment into Court for his ward the full sum of $1000.00, given him by the will. This settlement was approved by the court, as obviously to the utmost advantage ever to be secured to the infant defendant. To disapprove this settlement now would do equally obvious disadvantage to the infant defendant.

It is universally held, as stated in 43 C. J. S. 302:

"By leave of court. Ordinarily a guardian ad litem or next friend may, with the consent of the court, agree to a settle-

ment or compromise beneficial to the infant, and the court has power to authorize it."

In 27 Am. Jur., p. 851, section 131, we find:

"If a compromise should seem desirable to a next friend or guardian ad litem, the proper course is for him to submit it to the court, by whom he was appointed, or permitted to act, for its approval and sanction. When so approved, it will be valid and binding. If a compromise agreed to by the next friend is put into judgment, it thereby becomes the action of the court and will bind the infant. All questions of authority of the next friend of an infant to bind him by an agreement to compromise an action are eliminated by the entry of an agreed judgment based upon the ·compromise agreement of the parties. It has been held in a number of cases that the court has power to sanction compromises in the settlement of estates, or litigations generally, in which the property rights of infants are concerned. If the court approves a compromise after an examination of the facts, the judgment or decree is binding upon the infant."

There is nothing in the in rem character of this suit as a will contest, which prevents settlement of the infant's right of appeal to his advantage, as approved by the court.

We find no error on the record, prejudicial to any of the appellants herein. The judgment is, therefore, affirmed.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion and judgment.