**RUSSELL, Plaintiff-Appellee, v. DRAKE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23222. Decided January 12, 1955.

Davis, Davis & Handelman, Cleveland, for plaintiff-appellee.
James R. Ugan, Cleveland, for defendant-appellant

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment entered against the defendant in the Common Pleas Court of Cuyahoga County. The plaintiff was a passenger in an automobile then being driven by her husband in a northerly direction on East 105th Street in the City of Cleveland at about 2:30 A.M. March 16, 1952. The automobile in which plaintiff was a passenger came to a stop behind an automobile also headed north at the intersection of Ashbury Avenue, because the traffic signal at

that intersection showed red, or "stop" for East 105th Street traffic and green or "go" for Ashbury Avenue traffic.

The defendant was at said time and place driving his mother's Oldsmobile in a northerly direction and failed to stop in time to avoid crashing into the rear of the automobile in which plaintiff was a passenger whereby she claims to have sustained certain injuries.

As above indicated, the collision occurred about 2:30 A.M. on the morning of March 16, 1952. The plaintiff filed her petition seeking judgment against the defendant on May 21, 1952. Residence service was had on the defendant on May 23, 1952 and service returned by the sheriff May 26, 1952. After two consents to plead were granted, defendant filed an answer on July 24, 1952 putting in issue all of the material allegations of plaintiff's petition, except the fact that a collision did take place as pleaded by the plaintiff. At the time of the service of summons (residence service) on the defendant he was a minor, twenty years of age, and did not attain his majority until September 24, 1952. The return of residence service shows that §2703.13 R. C. providing the manner in which service may be made upon a minor, was not complied with and no alias summons was issued after the defendant reached twenty-one years of age.

The questions presented are, first, did the court obtain jurisdiction over the person of the defendant, and second did the statute of limitations run before plaintiff's action was "commenced?"

On March 19, 1954, which was two years and three days after the accident occurred, the defendant filed a motion seeking a continuance which motion was granted. Such conduct on his part entered his appearance in the case.

In the case of **Long v. Newhouse, 57 Oh St 348,** it was held by the Supreme Court:

"2. In order to enable a defendant to object to the jurisdiction of the court over his person, the objection must be made at the earliest opportunity of the party. If before making such objection, the party appears and makes a motion that the plaintiff be required to attach an account of the items of his claim to his petition, or that he be required to separately state and number his causes of action, or that he be required to strike certain matters from his petition, in either of these cases, the party voluntarily submits himself to the jurisdiction of the court and he cannot afterwards be heard to object thereto.

Also, in the case of **Hobert v. Francis, 40 Oh Ap 491,** it was held that a defendant in an action for wrongful death, not being properly served as a minor waived such service by appearing with his attorney for trial after reaching his majority.

See, also, **Clippinger v. Sturgeon, 5 Oh Ap 233.**

The second question, whether plaintiff's action is barred by the statute of limitations and whether or not that question was properly presented to the court, will now be considered. The time in which an action must be brought seeking damages for personal injury due to negligence is two years. **Sec. 2305.10 R. C.** After the defendant entered his appearance by filing his motion to continue he filed a motion to dismiss, basing the motion on two grounds; first, for the reason defendant was not properly served with process, and second, because the face of the record discloses that the action was not brought within two years after the plaintiff's cause of action arose,

which motion the court overruled. (This motion was filed on March 31, 1954). The first of these grounds was not well taken and the court was correct in overruling that part of the motion on the authorities above cited. After the motion to dismiss was overruled the case went to trial on April 22, 1954, on the pleadings originally filed in the case and judgment entered for the plaintiff on the verdict of the jury. The answer filed by the defendant while he was a minor and before proper service was had upon him, was not amended to set up the defense of the statute of limitations.

It is clear from the record that the court did not have jurisdiction over the defendant until he entered his appearance more than two years after the accident and at no time was a legal summons ever issued seeking to obtain such jurisdiction.

In the case of **Templeman v. Hester, 65 Oh Ap 62,** the court had for consideration almost the identical question upon facts similar to those here presented. The court held:

"1. Upon the filing of a petition and causing summons to be issued thereon an action is pending and continues to pend for service until dismissed voluntarily or for failure to prosecute.

2. Until summons is served in the manner and within the time prescribed by statute, the statute of limitations does not cease to run.

3. To obtain jurisdiction over a minor defendant, service of summons must be made in conformity to **Sec. 11291 GC.**

4. Where a petition is filed against an infant and summons issued, the action is pending and if it has not been dismissed when the defendant reaches 21 years of age, alias summons may be served upon him as an adult.

5. The fact that the action may have become barred by the statute of limitations is no ground for quashing service of summons.

6. The spirit of §11233 GC, is that when an action would fail otherwise than on its merits, the plaintiff shall have one year in which to reassert it, and if the original action is still pending and there is no reason for not asserting it in that action, it may be so asserted just as effectually as it could in a new action."

It is to be noted that the court clearly states that the filing of an action and issuing summons without service does not toll the statute of limitations. Under the facts of the case now being considered, a summons legally sufficient to bring the defendant into court was never issued or served.

**Sec. 2305.17 R. C.** provides:

"An action is commenced within the meaning of §§2305.03 to 2305.22 inclusive, and §1307.08 R. C. as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days "

In the case of **Kossuth v. Bear, 161 Oh St 383,** the court said:

"1. Where a petition to recover damages for personal injuries received in an automobile accident is filed within two years from the date when the alleged injuries were received and summons is issued for the defendant but service of the summons is never obtained, and, after the expiratoin of two

years from the date of the accrual of the cause of action, the court orders the petition to be 'dismissed' for the reason that there had been no service of summons, the plaintiff can not be considered as having failed 'otherwise than upon the merits,' in an action commenced or attempted to be commenced so as to authorize the plaintiff to commence an action within one year after the date of such 'dismissal' under §11233 GC (2305.19 R. C).

2. Under the provisions of §11231 GC (§2305.17 R. C.) the filing of a petition and praecipe for summons upon the defendant does not constitute 'an attempt to commence an action' which 'shall be deemed to be equivalent to its commencement' where such attempt to procure service of summons is not followed by service at any time."

And at page 383 the court said:

"Although under §11279 an action must be commenced by the filing of a petition and causing a summons to be issued thereon, the effectiveness of such filing in order that the action may be deemed commenced is governed by §11230. That section provides in clear language that the action shall be deemed to be commenced only at the date of the summons which is served on the defendant."

From the foregoing authorities, and the undisputed facts here presented, the only conclusion that could be reached is that the plaintiff's action was not commenced within two years from the date the cause of action accrued, and unless the statute of limitations was tolled for some reason not pleaded the right to prosecute such action is now barred.

The court, therefore, in dealing with the defendant's motion to dismiss, for the reason that the action was barred by the statute of limitations, should have treated such motion as a demurrer and because the action was not commenced within two years from the date it accrued, the court should have sustained such demurrer and granted plaintiff leave to plead.

For the foregoing reasons, the judgment is reversed and the cause is remanded to the point in the proceeding where prejudicial error occurred, with instructions to treat the defendant's motion to dismiss as a demurrer and grant the same and for further proceedings acording to law.

Eceptions noted. Order see journal.

HURD, PJ, dissents.

KOVACHY, J, concurs.

## DISSENTING OPINION

By HURD, PJ (Dissenting):

The defendant is a man now aged twenty years and four months. At the time of the accident, March 16. 1952, he was regularly employed and was living with his wife and child in his own home and lacked six months of becoming 21 years of age. When the action was filed on May 21, 1952, he lacked four months of becoming of age. Thereafter, he applied for and secured two leaves to plead and then on July 24, 1952 filed his answer in which he did not raise the issue of his minority or any defect as to service.

On March 19, 1954, two years and three days after the cause of action arose, he entered his appearance as an adult by filing a motion to continue the cause. It was only when the case was selected to be sent to a trial room, more than a year and a half after defendant had become of age, that he filed his motion to dismiss which was overruled. Thereafter the

cause went to trial and judgment was rendered on a jury verdict in favor of plaintiff.

Under the circumstances, the defendant by his course of conduct waived service of summons upon him as a minor and entered his appearance. See **Miller v. Smith, 18 Abs 286; Hobert v. Francis, 40 Oh Ap 491.**

In **Templeman v. Hester, 65 Oh Ap 62,** a case in many respects factually similar to the instant case, the court said:

"Ordinarily, the allegations of the answer determine the defense available to the defendant and if any defense is not pleaded it cannot be used, and frequently if it is not pleaded it is waived. That is true of the defense of the statute of limitations by express statutory provisions. If it appears on the face of the petition that the cause is barred, the defendant may demur on that ground. **Sec. 11309 GC** But a demurrer based on that defect in the pleading must be specific. **Sec. 11310 GC.** If it does not appear on the face of the petition that the cause is barred by lapse of time, the objection may be made by answer, but if it is not made in either way it is waived. **Sec. 11311 GC.**"

Sec. 11311 GC (now §2309.10 R. C.) reads as follows:

"When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action."

The case of **Kossuth v. Bear, 161 Oh St 378,** relied upon by the defendant is not in any respect analogous to the instant case.

Upon trial the defendant admitted liability and judgment was entered upon a jury verdict in favor of plaintiff. There being no errors prejudicial to the rights of the defendant, the judgment for plaintiff should be affirmed.