BEAVER, GDN., APPELLANT, *v.* BATES ET AL., APPELLEES.

(No. 447—Decided February 25, 1958.)

*Messrs. Guthery, Harmon, Conkle & Gracely,* for appellant.
*Mr. William B. Ramsey, Messrs. Mahon & Lady,* and *Mr. Edward C. Thompson,* for appellees.

GUERNSEY, J.   This is an appeal from the Court of Common Pleas of Hardin County on questions of law from a final judgment entered for the defendants following the overruling of plaintiff's demurrers to the three separate answers of defendants, the plaintiff having elected not to plead further.  The plaintiff assigns as error the action of the court in overruling her demurrers.

The operative facts alleged by plaintiff in her amended petition are as follows:

1. That since the inception of this action plaintiff has become of age.

2. That Matilda Wallace died on December 15, 1950, owning three described parcels of land located in Logan County and a fourth described parcel of land located in Hardin County.

3. That on December 23, 1950, defendant Helen I. Bates filed her petition in partition in case No. 25980 in the Hardin County Common Pleas Court, joining as defendants plaintiff herein and the other heirs of Matilda Wallace.

4. That upon the death of Matilda Wallace plaintiff became seized of an undivided 1/32 interest in the described real estate.

5. That a decree for partition was entered in said cause on August 6, 1951.

6. That Helen I. Bates elected on August 27, 1951, to take Parcel No. 1 of the described premises, which election was confirmed by the court on August 28, 1951, and pursuant thereto Parcel No. 1 was conveyed by the sheriff to Helen I. Bates.

7. That on October 6, 1951, the remaining parcels were sold by the sheriff at public auction, which sales were confirmed by the court on October 23, 1951, and deeds delivered to the respective (unnamed) purchasers.

8. That plaintiff herein was a minor during all of said period of time.

9. That "no defense was made for plaintiff, and no guardian ad litem was appointed to protect the interests of plaintiff

prior to the rendition of said judgment and orders."

10. That pursuant to orders of distribution two checks dated respectively January 26, 1952, and March 24, 1952, in the respective amounts of $1,250.00 and $2,992.17, were issued and mailed to plaintiff's guardian by the sheriff, which checks have been heretofore tendered to the court unendorsed.

11. That defendants, Rudolph G. Schneidhorst and Marianna S. Schneidhorst, husband and wife, are the "record owners" of part of Parcel No. 1 and all of Parcel No. 2 described in the petition.

12. That defendant The Federal Land Bank of Louisville claims an interest in the part of Parcel No. 1 of which the Schneidhorsts are the record owners.

13. That defendant Helen I. Bates, wife of defendant Willis Bates, is the "record owner" of all of Parcel No. 1 except that part owned of record by the Schneidhorsts.

14. That defendant Grace L. Milroy, wife of defendant Lester Milroy, is the "record owner" of Parcel No. 3 described in the petition.

15. That defendant Charles Griffith, husband of defendant Helen Griffith, is the "record owner" of Parcel No. 4 described in the petition.

Plaintiff also joins as defendants all other persons who were parties defendant to the original action and prays that the decree for partition therein be vacated and set aside.

Defendants in each of their answers admit or also allege the facts alleged by plaintiff hereinbefore set forth in items numbered from 1 through 8, inclusive, and 10. They also allege their respective ownerships of the parcels of land of which the plaintiff alleges them to be "record" owners, except that the federal land bank claims as the holder of a valid and subsisting first mortgage lien under the owners of the fee simple title. Each of the answers also contains a general denial of the allegations of the petition not admitted by the answer.

The following allegations also appear in the answer of the Schneidhorsts:

1. That on or about March 25, 1952, they purchased the described part of Parcel No. 1 from Helen I. Bates, which was conveyed to them by deed thereafter recorded.

2. That on or about May 12, 1952, they purchased Parcel No. 2 from Harry Noble "et ux," which was conveyed to them by deed thereafter recorded.

3. That at the time of the delivery of these deeds the record of case No. 25980 showed:

a. That plaintiff herein was a minor over 14 years of age and that she had been duly and legally served with summons together with her father, Jacob Beaver, with whom she then resided.

b. That Alfred L. Brindley had been appointed Guardian ad litem for plaintiff on November 2, 1951, and had filed a "report and answer" in writing setting forth the interest of plaintiff in said cause and praying that the court protect same.

c. That the court "found the interest of such minor defendant, the plaintiff herein, and ordered distribution to said minor defendant, the plaintiff herein, in accordance with such findings and that no appeal from such findings and orders of distribution was prosecuted nor perfected."

The answer of the federal land bank, in addition to the allegations hereinbefore mentioned, avers:

1. That on November 14, 1952, the Schneidhorsts executed to it a note in the amount of $10,000 secured by a mortgage on 170.21 acres of that part of Parcel No. 1 owned by them, which mortgage was thereafter recorded.

2. That at the time of the delivery of the mortgage the records of case No. 25980 showed and revealed (The same things noted in paragraph 3 above, pertaining to the answer of the Schneidhorsts).

3. That (as a second defense) at the time of delivery of the mortgage the records of Hardin County and of Logan County (the county in which the land is situated) showed the Schneidhorsts to be the owners of the fee simple title to the land described in the mortgage, and that such mortgage is a valid and subsisting first mortgage lien.

In the answer filed jointly by defendants, Helen I. Bates, Willis Bates, Grace L. Milroy, Lester Milroy, Charles Griffith and Helen Griffith, in addition to those allegations hereinbefore mentioned, the following appear:

1. That at the time of filing of case No. 25980 plaintiff was

a minor residing with her father and natural guardian, Jacob J. Beaver, and "that service of summons in said action was duly made upon said minor, as provided by law."

2. That during the pendency of said proceeding plaintiff was at all times represented by counsel, the same appearing of record.

3. That Alfred F. Brindley was appointed guardian ad litem for plaintiff on November 2, 1951.

4. That on March 4, 1952, said guardian ad litem filed his "answer and report" on behalf of said minor, which was heard by the court after due notification to the minor's counsel of both the filing and hearing.

5. That after the hearing on said answer and report, and upon consideration, the court ordered the minor defendant to be paid in addition to the sum of $3,841.49 theretofore found due her, the sum of $400.68 as the balance of her proportionate share of the proceeds of the partitioned real estate and "found the same to be the fair and equitable value of her interest in said real estate," all of which appears of record in said case.

6. That said total sum does represent "the fair, equitable and reasonable market value of the undivided 1/32 interest * * * [of plaintiff] in all of said real estate."

7. That plaintiff did not, through her guardian or by herself after reaching majority, file any objection or take any exception to the finding of the court in respect to the value of her undivided interest, or prosecute any appeal therefrom, and that said finding is still in full force and effect.

Plaintiff's demurrers to the separate answers are each based on the statutory ground that the answer is on its face insufficient in law.

It is a fundamental principle of pleading that a general demurrer searches the record, reaching the first pleading that is defective in substance, that a demurrer to an answer first challenges the sufficiency of the petition; and we shall so treat the demurrers herein.

Under the provisions of Section 2325.01 *et seq.*, Revised Code, a Court of Common Pleas may vacate or modify its own judgment after the term at which it was made for errors therein shown by an infant within twelve months after arriving at

full age, and this right of having a judgment vacated or modified is independent of any other rights of objection, exception or appeal which the infant may have had in the original action.

Section 2307.16, Revised Code, provides:

"In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted or by a probate judge."

It has long been recognized that a guardian ad litem required by statute may not be dispensed with. In the case of *Roberts, Exr.,* v. *Roberts,* 61 Ohio St., 96, 55 N. E., 411, the Supreme Court held:

"3. A guardian of a minor has no authority to waive the issuing and service of summons on his ward in an action affecting the ward's rights, *nor to dispense with the appointment of a guardian ad litem, unless authorized so to do by a statute; and a judgment against a minor in an action wherein he did not have his day in court, may be reversed upon petition in error filed by him within the statutory time after reaching the age of majority.* Such judgment, though void in legal effect, may be a cloud upon his title or rights, and he has the right to remove such cloud by a reversal of the judgment." (Emphasis added.)

See, also, *Long* v. *Mulford,* 17 Ohio St., 484, 93 Am. Dec., 638, *infra.*

It appears in the petition that "no defense was made for plaintiff, and no guardian ad litem was appointed to protect the interests of plaintiff prior to the rendition of said judgments and orders." It does not appear in the petition that a guardian ad litem was ever appointed, nor, considering the allegations of the petition most favorably to the pleader, may we assume that one was ever appointed.

It appearing from the petition that no guardian ad litem was appointed prior to the rendition of "said judgments and orders" and it not appearing that a guardian ad litem was ever appointed as required by statute, we are of the opinion that, considered in the light of all its allegations, the petition states a cause of action in favor of plaintiff and against the answering defendants and is sufficient in law.

The petition stating a cause of action, our next inquiry is whether the separate answers are sufficient in law, *i. e.,* whether

they interpose a sufficient defense to plaintiff's cause of action.

Although by way of a general denial each answer denies the allegations of the petition that "no defense was made for plaintiff, and no guardian ad litem was appointed to protect the interests of plaintiff prior to the rendition of said judgments and orders," the answers affirmatively plead the existence of either the fact or the record in case No. 25980 of the fact that on November 2, 1951, a guardian ad litem was appointed for plaintiff, who thereafter filed an answer and report pursuant to which the court, upon hearing and consideration, made an order of distribution as hereinbefore set forth and referred to with respect to plaintiff's interest.

The Supreme Court of Ohio in an early case, *Long* v. *Mulford* (17 Ohio St., 484), *supra*, in discussing the reasons for and the duties of a guardian ad litem, said at pages 502 and 503 of its opinion:

"The appointment of a guardian ad litem is not a mere matter of form. A suit against an infant cannot be prosecuted without such guardian; and the object of the requirement is to secure to the infant a proper defense. 'It is the duty of a guardian ad litem to ascertain from the infant and his friends, or from other sources of information, what are the legal and equitable rights of his ward. And it is the special duty of the guardian to bring those rights directly under the consideration of the court for decision.' "

See, also, *Heirs and Admrs. of St. Clair* v. *Smith*, 3 Ohio, 355.

A more recent case pertaining to the necessity of appointing a guardian ad litem for a minor defendant is that of *Robinson* v. *Gatch, Exr.*, 85 Ohio App., 484, 87 N. E. (2d), 904, decided by the Court of Appeals for Hamilton County in 1949, wherein, in holding that failure to make such appointment renders the judgment erroneous as to the minor, but not void, the court said:

"In *Hasty* v. *Weller*, 33 Ohio Law Abs., 190, the court, after reviewing the statutory and case law, made the following deductions with which this court is in accord:

" 'The purpose for appointing a guardian ad litem or trustee to make defense for persons under disability, is to have a competent person make a proper defense for the ward; to put

in issue all of the material allegations in the petition, and to make certain that the interest of the ward is properly brought to the attention of the court; the appointment of a guardian ad litem or trustee cannot be dispensed with except by statute; it is error for the court to render judgment or decree until the answer of the guardian ad litem or trustee is filed; the failure to appoint a guardian ad litem or trustee does not render the proceedings absolutely void, but only voidable; such irregularity cannot be attacked collaterally, but it is such an irregularity as to be considered reversible error.' ''

In determining the right of appeal in a partition case the Supreme Court said in its opinion in the case of *Johnston* v. *Deaton,* 105 Ohio St., 285, at page 287, 137 N. E., 10:

"The confirmation of the report of the commissioners by the Court of Common Pleas finally excluded plaintiff in error Blanche Johnston from her right to have aparted to her the one-half of the real estate which belonged to her in common with defendant in error Mabel Deaton, compelled her to allow her property to be offered for sale to the public, and required her, if she desired to re-acquire a portion of it, to compete with the public in so acquiring it, and was, therefore, a final order affecting her substantial rights therein."

In the partition case with which we are concerned no guardian ad litem was appointed for the minor defendant until the court had proceeded even beyond an appealable order and had also permitted and confirmed the sale of the balance of the property, and deeds had been delivered. The plaintiff herein at that point, by not having been represented by a guardian ad litem and thereby having her day in court, had been deprived of at least the following substantial rights:

1. The right of interposing a defense, if she had one, to the petition for partition.

2. The right of asserting her right to have aparted to her the one-thirty-second part of the real estate in kind.

3. The right to elect to take the estate or a part thereof, at the appraised value.

4. The right to force judicial sale of all of the premises by blocking the election of Helen I. Bates. (See *Darling* v. *Darling,* 85 Ohio St., 27, 96 N. E., 939.)

The considerations which determine whether a party to a partition action, properly defended, will or will not exercise any of these rights may be personal in nature depending on family or business relationships, the location of other realty of the party, or other reasons which might even be entirely frivolous. These rights would not, therefore, normally have an ascertainable monetary value and their value would not ordinarily bear any direct relationship to the market value of the real estate involved. And when these rights have not been exercised or their exercise waived by the person to whom they belong, or been terminated by due process of law, an order of a court, whereby it finds, as is alleged here, that the "fair and equitable value" of the interest of a party so deprived in the real estate involved is a certain sum and orders payment of said sum, does not eliminate the error of thus depriving the party of such rights.

We are, therefore, of the opinion that the appointment of a guardian ad litem for a minor defendant in a partition action after the premises which are subject of the partition action have been sold, the sales confirmed and deeds delivered, but before distribution of the proceeds, and which guardian ad litem files with the court an "answer and report" on behalf of said minor, upon hearing and consideration of which the court determines the fair and equitable value of the minor's interest in the real estate and orders distribution of the proceeds of sale accordingly, is not sufficient compliance with the mandatory requirements of Section 2307.16 of the Revised Code that "in an action against an infant, his defense must be by a guardian for the suit."

We are fully aware that the decision of the court in the case of *Robinson* v. *Gatch, supra,* wherein a will was set aside and a guardian ad litem for a minor defendant was not appointed until after verdict and judgment, may at first blush appear to be authority contrary to our foregoing conclusion, but a careful examination of that case reveals that the question involved was the validity of a settlement effected by a guardian ad litem, which gave to the minor everything that the minor would have received had the will been sustained. The value of the minor's rights were ascertainable and settlement was effected accordingly. Moreover, and of greater and controlling significance,

the error in the proceedings was not being invoked by the minor but was being invoked by adult defendants who had taken an appeal from the will contest action, and was not an error as to them nor could it have been prejudicial to them.

Nor does the fact, as alleged in one of the. answers, that the minor defendant in the partition action was represented by counsel of record, alter our conclusions, for there is no principle of law which would permit an attorney to be substituted for a guardian ad litem mandatorily required by statute.

The next question which confronts us is whether the defendants allege any facts which insulate them, or any of them, from the right of the minor defendant in the partition action, now the adult plaintiff in this action, to have the judgment of partition set aside by reason of the claimed error in the proceeding.

It is a general rule of law that the .title of a bona fide purchaser may not be set aside, and with respect to actions brought under the provisions of Section 2325.01, Revised Code, the Legislature has made this a statutory rule (Section 2325.03, Revised Code). Purchasers at judicial sales are also especially favored. The term *bona fide purchaser* implies the absence of notice, payment of a valuable consideration, and presence of good faith. 11 Corpus Juris Secundum, Bona Fide, 389. An examination of the cases favoring purchasers at judicial sales reveals that they are only favored when they have no notice of the defect in the proceedings and when the defect does not apapear on the face of the proceedings. No person with notice of a defect in the chain of title to real estate can become a bona fide purchaser, except in those rare instances where the law recognizes him as a bona fide purchaser because he has succeeded to the title of a bona fide purchaser. It is also a general rule of law that the records of judicial proceedings, required to be kept by law constitute constructive notice to a subsequent purchaser of real property which is the subject matter of such proceedings of any defect appearing on the face of such proceedings when the real property is located within the territorial jurisdiction of the court in which the proceeding occurred.

It will be noted that the partition action herein involved was filed in the Common Pleas Court of Hardin County, Ohio,

and that only the fourth parcel of land was located within the county of jurisdiction, the other three parcels being located in Logan County. In the case of *Benton* v. *Shafer*, 47 Ohio St., 117, 24 N. E., 197, 7 L. R. A., 812, the Supreme Court held:

"1. A mortgagee of real property not part of an entire tract situate in more than one county, will not be charged with constructive notice of an action for the recovery of such property, pending in a county other than that in which the property is situated.

"2. The doctrine of *lis pendens* does not apply, unless the court has acquired, in some manner, jurisdiction of the subject-matter involved in the suit. Where, therefore, in an action to recover real property which is not an entire tract situate in more than one county, but a separate tract lying wholly in one county, the action is not brought in the county where the subject of the action is located, a *bona fide* purchaser of the property for a valuable consideration, without actual notice, and residing in the county where the property is situated, will not be charged with constructive notice of the pendency of such action at the time of his purchase, so as to prevent his acquiring a valid interest in the property."

This case is still the law of Ohio, and, although it is specifically applicable to a situation where the purchase is consummated while litigation is still pending, it is our opinion that a purchaser of real property located outside the jurisdiction of the court, for a valuable consideration, without actual notice, where the purchase is consummated after judgment and after judicial sale, should receive at least equal protection under the law. And as long as there is no actual notice we perceive no reason under existing law to differentiate between a purchaser residing in the county where the property is situate and one residing outside the county where the property is situate.

We note also that the word "purchaser" means one who, for a valuable present consideration, acquires property or an interest in property. See 73 Corpus Juris Secundum, Purchaser, 1257.

We further observe that an answer, when attacked by demurrer, must be given a liberal construction in favor of the pleader, the inquiry being, not whether the allegations in the

answer are sufficient, definite and certain, but whether, upon any fair and reasonable construction, they make out a valid defense. See 31 Ohio Jurisprudence, 783, Pleading, Section 203.

Applying these various principles and rules of law to the answers under consideration, what do we find:

1. There is no specific allegation in any of the answers (or in the petition) that any of the defendants had notice, actual or constructive, of the defect in the partition proceedings at the time they consummated their respective purchases.

2. There is no allegation in any of the answers (or in the petition) that any of the deeds executed and delivered by the sheriff of Hardin County to the various purchasers by election or at the partition sale were ever recorded in either Logan or Hardin Counties.

3. The defendants Schneidhorst allege that they *purchased* their part of tract No. 1, lying in Logan County, from Helen I. Bates.

4. The defendants Schneidhorst allege that they *purchased* tract No. 2, lying in Logan County, from Harry Noble "et ux."

5. The defendant The Federal Land Bank of Louisville alleges that to secure the payment of a note the Schneidhorsts executed to said defendant a mortgage on a part of tract No. 1 lying in Logan County.

6. The defendant Helen I. Bates admits being a party to the partition action and that she elected to take parcel No. 1, lying in Logan County, at its appraised value.

7. The defendants Grace L. Milroy and Lester Milroy allege that Grace L. Milroy is the *owner* of parcel No. 3, lying in Logan County, but do not allege any facts showing how or from whom her title was acquired.

8. The defendants Helen Griffith and Charles Griffith allege that Charles Griffith is the *owner* of parcel No. 4, lying in Hardin County, but do not allege any facts showing how or from whom his title was acquired, and further allege that Charles Griffith was a party to the partition action.

Giving each of the answers a liberal construction in favor of the parties answering, we conclude that the defendants Schneidhorst and the defendant The Federal Land Bank of Louisville have alleged facts showing them to be bona fide pur-

chasers for value of the premises to which their respective answers pertain; that the defendant Helen I. Bates, as a party to the partition action, had either actual or constructive notice of the patent defect in the proceedings and could not thereby become a bona fide purchaser under a title acquired by election to take at the appraised value; that the facts alleged by defendants Milroy are not sufficient to preclude ownership other than by purchase, nor do they show acquisition from a bona fide purchaser, and thus do not show Milroy to be a bona fide purchaser; and that the facts alleged by defendants Griffith are not sufficient to preclude ownership other than by purchase, nor do they show acquisition from a bona fide purchaser, and affirmatively show that Charles Griffith was charged with constructive notice of the patent defect in the proceedings both by reason of being a party to the partition action and for the further reason that the land he acquired was located within the county of jurisdiction of the said action.

The defendants who have alleged facts showing them to be bona fide purchasers have succeeded in alleging a sufficient defense to plaintiff's action. The defendants who have not alleged facts showing them to be bona fide purchasers, and not having alleged any other sufficient defense, have not succeeded in alleging a sufficient defense to plaintiff's action.

For these reasons we are of the opinion that the lower court did not commit error in overruling the plaintiff's separate demurrers to the separate answers of the defendants Marianna S. Schneidhorst and Rudolph G. Schneidhorst and the defendant The Federal Land Bank of Louisville, and so much of the judgment of the court as pertains thereto is hereby affirmed; and we are further of the opinion that the lower court committed prejudicial error in overruling the plaintiff's separate demurrer to the separate answer of the defendants Helen I. Bates, Willis Bates, Grace L. Milroy, Lester Milroy, Charles Griffith and Helen Griffith, and so much of the judgment of the court as pertains thereto is hereby reversed.

*Judgment accordingly.*

MIDDLETON, P. J., and YOUNGER, J., concur.