AMERICAN BANKERS INS. CO. OF FLORIDA *v.* HARRIS.

(No. 747114—Decided April 21, 1965.)

*Mr. Alvin Eugene White,* for plaintiff.
*Mr. Allen L. Bramkamp,* for defendant.

BETTMAN, J. The original petition in this matter was filed June 10, 1960, alleging damages to plaintiff's insured's automobile caused by the defendant's negligence.

Summons was issued for defendant, James Courtney Harris, and the sheriff's return shows that on June 13, 1960, he served the writ on James Harris by leaving a true and certified copy thereof at his usual place of residence. At the time of service defendant was a minor twenty years old. The record shows that the case was continued six times by plaintiff's counsel and that on September 16, 1960, a default judgment was entered for $513. The file of the case shows no record of defendant's minority or any service or attempted service on any guardian or father, etc.

Roughly three years and ten months later, on July 20, 1964, defendant filed the petition to vacate the judgment, here in issue, together with an affidavit showing that he had reached the age of twenty-one on November 4, 1960. Plaintiff demurred to the petition on the ground that Sections 2325.10 and 2325.11 Revised Code, require that such a proceeding must be commenced within two years after the defendant reached his majority, namely prior to November 4, 1962.

Section 2325.01, Revised Code, provides:

"The court of common pleas * * * may vacate or modify its own final order, judgment, or decree after the term at which it was made;

" * * *

"(E) For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;"

Section 2325.10 Revised Code, provides:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in divisions (D), (E), and (G) of Section 2325.01 of the Revised Code must be commenced within two years after the judgment was rendered, or order made."

Section 2325.11 Revised Code, provides:

"Persons within the age of minority . . . may commence a proceeding to vacate or modify a judgment or order within the respective times limited by Section 2325.10 of the Revised Code, after such disability is removed."

The issue raised by defendant's petition to vacate and plaintiff's demurrer thereto rests on a determination of the question: Is a judgment against an infant defendant served as an adult void or merely voidable? So far as we have been able to determine, this question has not heretofore been decided in the reported cases.

. . The law is clear that a proceeding to vacate a judgment on the ground that it is void for want of jurisdiction is not subject to the provisions of Section 2325.01 et seq, Revised Code. These sections apply only to the vacation or modification of those judgments which are merely irregular and therefore voidable. They do not apply to judgments which are

void *ab initio*. *Lincoln Tavern, Inc.*, v. *Snader* (1956), 165 Ohio St. 61; *Shaman* v. *Roberts* (1950), 87 Ohio App. 328.

In 28 Ohio Jurisprudence 2d, Infants, Section 63, it is stated:

"Where service of process is made upon the infant, but not upon his guardian, father, mother, etc., as required in certain instances, while any proceedings against the infant will, of course, be irregular because of such failure, it is to be doubted whether a judgment rendered should, simply because of such irregularity, be held to be void and subject to collateral attack."

The writer argues that the notice to the minor is the dominant purpose of this type of statute and notice to the parents, etc., is merely supplementary. He analogizes the situation to those cases where service is properly made but there is a failure to appoint a guardian at litem and the decisions thereon which hold that such failure does not render the judgment void but simply voidable. See *Robinson* v. *Gatch* (1949), 85 Ohio App. 484; *Beaver* v. *Bates* (1958), 109 Ohio App. 164. There are no cases, however, cited in the notes to support the writer's position that failure to serve a parent or guardian is equivalent to failure to appoint a guardian *ad litem*.

There would appear to be a certain logic and fairness about considering the judgment purely voidable. Certainly where you have a defendant old enough to drive an automobile, as in this case, there is an element of unfairness in permitting him to escape liability on a "technicality." However, the Supreme Court of Ohio has consistently stated that a minor can be sued and served with process only in the manner prescribed by Section 2703.13, Revised Code.

In the lead case of *Juhasz* v. *Corson* (1960), 171 Ohio St. 218, plaintiff brought suit against Corson, Jr., and Corson, Sr., for damages as a result of an automobile collision. Service was made upon both defendants as adults, no mention being made of minority or parenthood. After the two-year statute of limitations had run against the claim the defendant's attorney filed a motion to quash service. The Supreme Court said: "A minor can be sued and served with process only in the manner prescribed in Section 2703.13, Revised Code," and held that since service was not made prior to the running of

the statute of limitations, even though the defendants had filed an answer, the motion to quash was correctly granted and plaintiff's action dismissed. This same position was taken by the Court in *Bobo* v. *Bell* (1960), 171 Ohio St. 311.

In *Russell* v. *Drake* (1956), 164 Ohio St. 520, although the Court held that the failure of proper service was cured by defendant's entry of an appearance after he had attained his majority and his failure to raise the running of the statute of limitations, the Court stated:

"It is conceded that service of summons on the defendant was ineffective to give the court jurisdiction over his person, because service was made on the minor defendant alone rather than upon him *and* his guardian, father, mother or person having the care of him or with whom he lived, as required by Section 11291, General Code (Section 2703.13 Revised Code)."

This same emphasis on the fact that the court does not have jurisdiction unless service is in accordance with the statute is made in other cases. See *Russell* v. *Drake* (App. 1955), 70 Ohio Law Abs. 328; *Lehman* v. *Horning* (1955), 100 Ohio App. 19.

In the *Lehman case, supra*, Judge Middleton enunciated what appears to be the clear rule in Ohio,

"In actions brought against a minor defendant, the provisions of the above section (Section 2703.13) must be strictly observed before jurisdiction over the person of a minor can be acquired. Only by service of summons upon the minor in the manner provided by the Code can such jurisdiction be acquired."

Each of these cases worked a hardship on the plaintiff who did not know of the defendant's minority until too late. In some of the cases the defendant well knew he was being sued and simply bided his time until the statute of limitations had run. However, when the courts state without equivocation that without service according to the statute the court "lacks jurisdiction" it seems impossible to reach any conclusion but that a judgment in such case is void. Without jurisdiction the judgment, any judgment, must be a nullity.

Plaintiff's demurrer to defendant's amended petition to vacate judgment must accordingly be overruled.

*Demurrer overruled.*