TANNER, APPELLANT, v. TANNER, APPELLEE.

[Cite as Tanner v. Tanner, 16 Ohio App. 2d 101.]

(No. 332—Decided October 26, 1968.)

*Mr. John W. Dailey, Jr.,* for appellant.
*Mr. Robert O. Hamilton,* for appellee.

KERNS, J. On August 26, 1967, or ten days prior to the effective date of Section 2307.111, Revised Code, which dispensed with the requirement that a divorce action by a minor over eighteen years of age be commenced by a next friend, the plaintiff, appellant herein, Lena M. Tanner, who was then nineteen years of age, filed a petition for divorce in her own name against the defendant, appellee herein, Larry A. Tanner, who was then twenty-four years of age.

By an order of the trial court dated September 29, 1967, and approved by counsel for both parties, the plaintiff was awarded temporary custody of the minor child of the parties and other ancillary relief.

A final decree of divorce, the entry of which bears the approval of counsel for both parties, was entered on October 21, 1967, and no appeal from this decree was perfected within the time required by law.

Thereafter, on June 20, 1968, the defendant filed a

motion to vacate the divorce decree on the sole ground that the plaintiff, Lena M. Tanner, was a minor when she commenced the action.

On July 16, 1968, the trial court sustained the motion for reasons set forth in the judgment entry as follows:

"The plaintiff because of her minority was not legally capable of bringing this action, and the court was without jurisdiction to hear it.

"Therefore, the court sustains the motion of the defendant, Larry A. Tanner, and orders that all entries, orders, and decrees herein be declared null and void and vacated."

From this order, the plaintiff has appealed to this court on questions of law, and the dispositive question presented is whether the divorce decree entered on October 21, 1967, was void for lack of jurisdiction or voidable only.

In 43 Corpus Juris Secondum 281, Section 108, the text responds generally to this question as follows:

"It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian ad litem or next friend, and the suit or action is not void on that ground alone; it merely affects the regularity of the proceedings, and the defect is amendable; the judgment or decree is not void."

Language of similar import may be found in 27 American Jurisprudence 838, Section 117, where it is said:

"* * * An objection that an infant sues without a next friend or guardian ad litem * * * is a matter of procedure and not of substance, and * * * is waived by pleading to the merits. * * *"

The same subject matter is discussed in 28 Ohio Jurisprudence 2d 596, Section 50, where it is stated that "the appointment of such a guardian for an infant is a matter of procedure and not of jurisdiction."

A question similar to the one before us was treated at some length in the case of *Canterbury* v. *Pennsylvania Rd. Co.*, 158 Ohio St. 68, where the court, at page 72, said:

"The bringing of an action by a minor in his own

name constitutes simply a failure to follow procedural statutes. The minor is the true plaintiff and it is for him that recovery is sought and for his benefit that the action is prosecuted.

"It is true that under Section 11247, General Code, an infant, as a procedural matter, must sue by a guardian or next friend, but where an infant sues in his own name and no attack for lack of capacity has been made under Section 11309, General Code, the lack of capacity is deemed waived."

Noticeably, the minor plaintiff in the present action is not complaining, and the divorce decree of October 21, 1967, was not void. See, also, *Ritzler* v. *Eckleberry,* 167 Ohio St. 439; *Robinson* v. *Gatch,* 85 Ohio App. 484.

Hence, the judgment appealed from must be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

GUERNSEY, P. J., and COLE, J., concur.

KERNS, J., of the Second Appellate District, sitting by designation in the Third Appellate District.