## FEIGI v LOPARTKOVITCH

Ohio Appeals, 9th Dist, Lorain Co

No 529. Decided Oct. 21, 1930

D. Perris and Bernsteen & Bernsteen, all of Cleveland, for Feigi.

Stevens & Stevens and Cyril J. Maple, all of Elyria, for Lopartkovitch.

WASHBURN, J.

In determining the question presented, we have but to keep in mind certain propositions of law, which, it seems to us are sound and well established, 'and which are —first, that a minor can be sued and served with process only in the manner set forth in the statutes of Ohio; second, that a minor cannot waive compliance with said statutes; third, that if the suit in question was not commenced within two years after the date of the accident it is barred by the statute of limitations; and fourth, that regardless of when a petition is filed, a suit is not "commenced" until a summons is issued which is thereafter properly served.

The original petition was against Lopartkovich as an adult, and there was no service of summons upon him as a minor; his taking leave to plead and filing motions did not enter his appearance, because as a minor he could not waive the service of summons required by the statute; the amended petition was the same as the original petition against Lopartkovich as an adult, and no service of summons, either as a minor or an adult, was made thereunder; such service as there was upon the original petition was quashed and must be considered thereafter as though it had never been made; the second amended petition was not against Lopartkovich either as a minor or as an adult, but, as stated in the caption and in the body of the pleading, was against his guardian, "Mary Linn," and the service of summons, as requested in the praecipe, was made upon Mary Linn, guardian, there being no service upon Lopartkovich. The answer filed by her to said second amended petition, and the motions filed by her for security for costs and for a physical examination, did not operate to waive the statute requiring service upon a minor, first, because the minor was not made a party to the second amended petition, and second, because the guardian was without authority to waive service of summons upon the minor and enter his appearance to a suit to which the minor was not a party.

There was no joint liability, and indeed no liability on the part of the guardian; she was not even a necessary party; if the suit had been properly commenced against her ward it would perhaps have been her duty, under 10933 GC to "appear and defend or cause to be defended" said suit, although 11252 GC requires the defense of an infant to be made by a guardian ad litem, but the suit not having been properly commenced against her ward she was without authority to waive service upon her ward or enter his appearance.

Roberts v. Roberts, 61 Oh St 96.

The second amended petition was apparently intended to supersede and take the place of the petitions theretofore filed, and as has been said, was against the guardian only, but if the original petition can be considered as a pleading in the case after the second amended petition was filed, then we have a petition against the minor with no service upon him, and a petition against his guardian upon whom service is made; that does not constitute the commencement of an action against the minor.

That was the situation when, on Nov. 6, 1929, more than two years after the accident, a third amended petition was filed, which petition was captioned against "Steve Lopartkovich, a minor," and in which the guardian was not mentioned. In accordance with the praecipe on said third amended petition, proper service was had upon Lopartkovich and upon Mary Linn, his guardian. It is conceded that in the third amended petition suit was properly commenced against Lopartkovich, a minor, and that the statutes were complied with as to service of summons in such an action.

Such suit was "commenced" on the date of the issuance of the summons, which was more than two years after the accident, and from what has been said, it is apparent that we are of the opinion that no suit was commenced against said minor before that date and that all the facts being a matter of record in the files of the case, the trial court did not commit prejudicial error in making final disposition of the case on the motion by dismissing the action as against Steve Lopartkovich, a mnior.

The judgment is therefore affirmed.

Funk, PJ, and Pardee, J, concur.