## BYERS *v.* APPLEMAN.

(Decided January 22, 1935.)

*Messrs. Cummins & Kramer,* for plaintiff in error.
*Mr. James V. Will,* for defendant in error,

Sherick, P. J. The parties to this proceeding in error had, prior to this litigation, entered into a contract to exchange real estate. Thereafter, Estella A. Appleton, defendant in error, concluded that she had been defrauded by the representations of the plaintiff in error, J. O. Byers, and commenced an action against him for damages. A settlement of this controversy was effected by a written contract, whereby she received a certain sum of money and an assignment of a certain note and second mortgage against another, which Byers held as mortgagee. This agreement of settlement among various other stipulations contained the following provision:

"It is mutually agreed and understood that said settlement of the aforesaid relieves and discharges both parties from any further obligation growing out of said matter."

The mortgage note so assigned in this settlement was transferred by a contemporaneous indorsement in blank with no restriction thereon.

Thereafter the holder of the first mortgage commenced an action in foreclosure, wherein defendant in error, Estella Appleman, appeared as a cross-petitioner praying judgment against the plaintiff in error on his contract of indorsement. The property was ultimately sold for a sum insufficient to satisfy the first mortgage, and judgment was then entered in favor of the defendant in error on her cross-petition against plaintiff in error. From this finding, error is prosecuted to this court. It is claimed that the trial court erred in two particulars: First, the court erred in the exclusion of parol testimony offered to show the intention of the parties; second, that portion of the settlement agreement previously quoted released plaintiff in error from all liability as an indorser of the note assigned in blank.

It is said that the case of *Bailey* v. *Stoneman,* 41

Ohio St., 148, fully supports this claim, and that the covenant of release worked a complete acquittance. The report of the *Bailey case* discloses that the indorsement was a subsequent act and not contemporaneous with the execution of the contract. Since the adoption of the Negotiable Instruments Act in 1902 we very much doubt if this distinction of fact is important, but without now invoking the provisions thereof it is well to note that in *Farr* v. *Ricker,* 46 Ohio St., 265, 268 and 269, 21 N. E., 354, the Supreme Court, with the following remark, distinguishes *Bailey* v. *Stoneman, supra,* which was decided by the Supreme Court Commission:

"If this case can be construed to hold that such evidence of a parol agreement, made at the time of the indorsement for the purpose of varying its effect, is admissible, it is contrary to the subsequent case of *Cummings* v. *Kent, supra* [44 Ohio St., 92]; for it is there held that such evidence is not competent for the purpose of varying the liability of a drawer of a bill, and the drawer of a bill is, according to mercantile law, the same as the indorser of a note, or, in other words, every indorser of a note is regarded as the drawer of a new bill. And as *Cummings* v. *Kent* is the later case, the rule established by it should be followed."

It is therefore apparent that *Farr* v. *Ricker* not only distinguishes, but in fact overrules, *Bailey* v. *Stoneman.* The first paragraph of the syllabus of the *Farr case* holds:

"The indorsement of a negotiable promissory note, made to transfer the title to one who has purchased it for value, is, though in blank, an abbreviated contract in writing, whereby the indorser binds himself to pay the note if on presentation the maker does not, and due notice is given him of such non-payment; and, in the absence of fraud or mistake, the legal effect of such indorsement cannot be varied by parol."

The defendant in error directs our attention to a case parallel with the one at bar, found in *Markey* v. *Waldo*, 9 C. D., 762, 18 C. C., 849, wherein it is said:

"An endorser of a promissory note is not relieved of his liability as endorser by the execution of a collateral agreement—as part of the same transaction—which merely recites that the note is received in full satisfaction of a certain claim, and that the endorser is given full acquittance of such claim."

And now considering the provisions of the Negotiable Instruments Act we find it prescribed in Section 8171, General Code, that "every indorser who indorses without qualification, warrants, to all subsequent holders in due course," among other things, "that if it be dishonored * * * he will pay the amount thereof to the holder." This then was the abbreviated contract that Byers covenanted to perform by his blank indorsement.

Section 8157, General Code, defines a holder in due course. The defendant in error was such a holder, unless it be as suggested by the plaintiff in error that there was no consideration for the contract of indorsement, that is, it was not taken "for value." This assertion is without merit. Mrs. Appleman had a valid claim against Byers, upon which she had sued. The settlement was an acknowledgment of the debt owing. If the plaintiff in error was not liable on his written contract of indorsement then the consideration for the settlement of the claim sued upon would have failed in part. He agreed unqualifiedly to pay the note in case of default by the maker. He might easily have covenanted against this by employment of the words "without recourse," or other words of similar import. This he did not do. It is now definitely settled that an "antecedent or pre-existing debt constitutes value," or consideration for a negotiable instrument. Section 8130, General Code.

The contemporaneous written agreements considered as one and the same transaction can not be varied by parol evidence. By an attempt so to do the plaintiff in error clearly perceives that which is self-evident, for the settlement agreement is insufficient in its terms to entitle him to the construction and relief which he claims. The judgment will be affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.