SMITH, APPELLANT, *v.* WAGNER, APPELLEE.
(Two cases.)

(Nos. 773 and 774—Decided June 23, 1952.)

*Messrs. DiSalle, Green & Haddad* and *Mr. Ned W. Thomas,* for appellant.

*Mr. Paul E. Miller,* for appellee.

FESS, J. Each of the appeals are from entries in companion cases finding that the actions were "filed" more than two years after the accident had occurred, and dismissing the petitions. The accident, as a result of which the actions were instituted, occurred September 28, 1948. The petitions accompanied by praecipes for summons and deposits for costs were filed on September 28, 1950, but the summonses were not issued pursuant to the praecipes until September 29, 1950.

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." Section 11279, General Code.

At first blush it would seem that an action is commenced by the filing of the petition and praecipe for

summons pursuant to which the plaintiff would thereby cause summons to be issued.

But Section 11230, General Code, provides:

"An action shall be deemed to be commenced within the meaning of this chapter [Chapter 2 relating to limitations of actions], as to each defendant, at the *date* of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. * * *" (Italics supplied.)

Section 11231, General Code, provides:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

In *Baltimore & Ohio Rd. Co.* v. *Ambach* (1897), 55 Ohio St., 553, 45 N. E., 719, the petition in error and the praecipe were filed within the six months allowed by statute, but the summons was not caused to be issued within the six months. The court held:

"The burden of causing a summons to be issued is cast upon the plaintiff in error, and as no summons was caused to be issued, in this case, there was no endeavor to procure the service of summons, and therefore the plaintiff in error does not bring itself within the saving provisions of Section 4988 [now Section 11231, General Code], and the Circuit Court was right in dismissing the petition in error."

In *McLarren* v. *Myers, Admr.* (1912), 87 Ohio St., 88, 100 N. E., 121, the Supreme Court again held that the burden of causing a summons in error to be issued in an error proceeding is imposed by law on the plaintiff in error, and Section 12270, General Code, being a statute of limitations to be enforced as other similar statutes, the praecipe of the plaintiff in error and his

request to the clerk to issue summons will not toll the statute or avoid the bar thereof if summons which is served on defendant in error is not issued prior to the expiration of the time fixed, unless facts are shown which bring the case within some saving provision of law. Section 12270, General Code, provided that no proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within four months after the entry of the judgment or final order complained of. Section 11224-1, General Code, provides that an action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. The word, "brought," as used in Section 11224-1, General Code, is synonymous with the word, "commenced," as employed in Sections 11230, 11231 and 11279, General Code. Cf. *Landrum* v. *Fulton, Supt. of Banks*, 47 Ohio App., 376, 191 N. E., 917. In *Zakrzewski* v. *Lenczycki*, 50 Ohio App., 116, 197 N. E., 595, this court dismissed a petition in error which had been filed with a praecipe for summons within the seventy-day limitation but wherein, through inadvertence, the summons in error was not issued until some two or three days later. The judgment was affirmed on authority of the *McLarren case, supra,* in *Zakrzewski* v. *Lenczycki*, 129 Ohio St., 462, 195 N. E., 867.

In *Feigi* v. *Lopartkovich*, 38 Ohio App., 338, 176 N. E., 670, it was held that a suit is not deemed "commenced" until the date of the issuance of the summons, which is thereafter properly served; and, unless such date is within the time prescribed by the statute of limitations for commencing the action, the plea of said statute will defeat the action. See, also, *Coughlin* v. *Passionist Monastery of the Holy Cross*, 59 Ohio App., 433, 18 N. E. (2d), 496.

It appearing from an examination of the record upon these appeals that the actions were not brought within two years after the cause thereof arose, the judgments are affirmed.

*Judgments affirmed.*

CONN and SAVORD, JJ., concur.