LEHMAN, APPELLANT, *v.* HORNING, A MINOR, APPELLEE.*

(No. 1502—Decided February 5, 1955.)

*Motion to certify the record overruled, May 18, 1955.

*Messrs. Young & Young* and *Messrs. Myers & Spurlock,* for appellant.

*Messrs. Scanlon & Berger,* for appellee.

MIDDLETON, J: On May 16, 1953, plaintiff, Doris Lehman, filed a petition in the Common Pleas Court of Crawford County, Ohio, against Donald Horning, a minor.

In her petition she claims injuries sustained by her in a collision between an automobile in which she was riding and an automobile driven by the defendant, Donald Horning. The date of the collision is stated as May 19, 1951. Summons was issued for the defendant, a minor, and also summons for the father of Donald Horning or the person with whom Donald Horning lived. Return was made by the sheriff of Crawford County on this summons on May 21, 1953, setting forth that the within named Donald Horning was not found in his bailiwick. An alias summons was issued on June 2, 1953, to the sheriff of Richland County, Ohio, for service on the defendant, Donald Horning, a minor, and by and through his father or the person with whom Donald Horning lived. This summons was returned by the sheriff on June 6, 1953, stating he was unable to find the within named Donald Horning, a minor, in his county.

Thereafter, on June 12, 1953, plaintiff filed an amended petition bearing the same caption as the petition, and setting forth in the amended petition the averment that the true name of the minor defendant is Robert Horning, and that Donald Horning is the true name of the father of said minor defendant. Summons was issued June 13, 1953, on this amended petition, for service on Robert Horning, a minor, by and through his father or person with whom he resides, Donald Horning. The sheriff made return on this summons stating that on June 15th he served Donald Horning, father of Robert Horning, a minor; and also on the same date served Robert Horning, a minor. The name of Robert Horning, a minor, appeared at no time in this case until June 12, 1953, two years and twenty-four days after the date of the alleged collision.

There is no dispute of facts in this case and they are as heretofore set out.

Section 11291, General Code, now Section 2703.13, Revised Code, provides as follows:

"When the defendant is a minor the service of summons must be upon him, and also upon his guardian or father or, if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons in the order named in this section."

In actions brought against a minor defendant, the provisions of the above section must be strictly observed before jurisdiction over the person of a minor can be acquired. Only by service of summons upon the minor in the manner provided by the Code can such jurisdiction be acquired.

This question was before the court in the case of *Feigi* v. *Lopartkovich*, 38 Ohio App., 338, 176 N. E. 670, wherein the following is found in the syllabus:

"1. In Ohio, in a suit against a minor, jurisdiction over the person of the minor can be acquired only by service of process in the manner provided by the statutes, and the minor cannot waive compliance with said statutes.

"2. Where a petition is filed and service of summons issued for defendant, the suit is not deemed 'commenced' until the date of issuance of the summons, which is thereafter properly served; and, unless such date is within the time prescribed by the statute of limitations for commencing the action, the plea of said statute will defeat the action."

In the opinion written in the above case, Judge Washburn stated, on page 341:

"In determining the question presented, we have but to keep in mind certain propositions of law, which it seems to us are sound and well established, and which are, first, that a minor can be sued and served with process only in the manner set forth in the statutes of Ohio; second, that a minor cannot waive compliance with said statutes; third, that, if the suit in question was not commenced within two years after the date of the accident, it is barred by the statute of limitations; and, fourth, that, regardless of when a petition is filed, a suit is not 'commenced' until a summons is issued which is thereafter properly served."

With this statement of the law, this court concurs.

This case is also cited with approval in the case of *Smith v. Wagner,* 92 Ohio App., 531, 111 N. E. (2d), 268.

The minor, Robert Horning, was not named a defendant in the instant case nor was process issued for Robert Horning, a minor, and no service was made upon him for more than two years from the date of the alleged accident. The statute of limitations had run before any action was commenced or attempted to be commenced against Robert Horning, a minor, and the action of the court in rendering judgment for the defendant was proper.

*Judgment affirmed.*

YOUNGER, P. J., and QUATMAN, J., concur.