**BRONIKOWSKI, Admr., Plaintiff-Appellant, v. BIGHAM, Defendant-Appellee.**

Ohio Appeals, Second District, Madison County.

Nos. 203, 204.   Decided March 22, 1956.

Edwin J. Lynch, Stanley A. Grzezinski, Toledo, Crabbe & Tanner, London, for plaintiffs-appellants.

Richmond & Richmond, London, for defendant-appellee.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

The appeals are from judgments dismissing plaintiff's second amended petitions after demurrers had been sustained thereto.

We hereinafter refer to case No. 203 only but as the cases are identical with the exception of the parties plaintiffs the judgment in this court will be the same in both cases.

The first branch of the demurrer is that plaintiff's action was not brought within the time limited for the commencement of such action. The second branch of the demurrer is general.

The action was for the wrongful death of Jacqueline Bronikowski, a minor, who was drowned on July 11, 1952 in the night season. Action was first instituted in Seneca County, Ohio, on July 9, 1954, service of summons was attempted, but on September 27, 1954, was quashed. The action here under consideration was commenced November 1, 1954.

Plaintiff sets forth his cause of action in thirteen paragraphs in the second amended petition. He pleads that defendant, lessee of a farm described, permitted to exist on the farm an abandoned quarry filled with water to a depth of twenty feet, which was dangerous, without any warning to the public of its dangerous condition. That the quarry, so filled with water, was a nuisance which defendant wantonly, wilfully and intentionally permitted to exist on his farm. It is further specifically averred that:

"A suit involving above facts was filed in Seneca County, Ohio, and was dismissed without prejudice to a further action on the same facts as a result of a motion by defendant to quash the service of summons for the reason that said summons was left at a place which was not the usual place of residence of the defendant."

Defendant in support of the first ground of the demurrer relies upon the two year statute of limitations applying in action for damages for wrongful death. Sec. 10509-167 GC (§2125.02 R. C.) Plaintiff relies upon the saving clause in §10509-169 GC (§2125.04 R. C.) but defendant insists that this latter statute may not be given application.

We do not deem it necessary to resort to case law to determine the question as to the commencement of the action raised by the first branch of the demurrer. The section of the Code, §10509-169 GC, authorizing an extender of one year in addition to the two years within which the action may be brought under §10509-167 GC, is in the alternative. The requisites to the right to the extender are (1) that the action be commenced or (2) attempted to be commenced, in due time, or when (1) or (2) has been observed, the petitioner has failed otherwise than upon the merits. The test as to the first two requisites is found in §11230 and §11231 GC (§2305.17 R. C.) which provide that an action is commenced, on the date of the summons on defendant. That an attempt to commence an action is accomplished when the petitioner diligently endeavors to procure a service, if such attempt is followed by service

within sixty days. The purported service of summons on defendant having failed because it was quashed was a nullity. Therefore, neither essential (1) or (2) heretofore designated to the extender of time within which to file the action is met.

The cases cited by appellee support the action of the trial judge in sustaining the demurrer. **Kossuth v. Baer, 161 Oh St 379** and **Knight, Admx. v. Schlachter, et al, 28 Oh Ap 70.** The second syllabus of the Kossuth case is based upon the grounds which we adopt in supporting the sustaining of the demurrer. The first syllabus goes further and holds that in the situation there developed the plaintiff cannot be considered as having failed "otherwise than upon the merits." The cases cited by appellant all of which are found in **Jacobs v. Haggerty, 97 Oh Ap 553** involved another Section of the Code and developments wherein parties had been subjected to the jurisdiction of the courts.

The second error assigned is that the Court erred in sustaining defendant's demurrer on the ground that the second amended petition did not state a cause of action.

Upon any reasonable construction of the averments of the second amended petition it must be held that plaintiff's decedent was a trespasser on the farm of the defendant. Judge Summers, in the second paragraph of **Railroad Co. v. Harvey, 77 Oh St 235** sets out the obligation owing by the defendant to plaintiff's decedent.

"The duty of the owner or occupier of land to persons coming upon it depends somewhat upon whether they are there by his invitation or permission. To invited persons it is his duty to exercise reasonable care for their safety; to licensees it is his duty to give notice of hidden dangers or traps, while trespassers, that is, persons entering without permission, assume the risk of injury from the condition of the premises and the duty of the occupier to them is only to be careful not to injure them by bringing force to bear upon them."

Thus, it appears that as a trespasser or even though it may be said that plaintiff's decedent was a licensee, plaintiff's pleading does not state a cause of liability.

The case of Swarts v. Akron Water Works Co. reported with Railroad Co. v. Harvey, supra, presents facts analogous to though more favorable to the plaintiff than those pleaded in the instant case. At page 262, Judge Summers says "This case owes its existence to the doctrine of the turntable cases," which doctrine is disapproved in the second syllabus. In the Swarts case, at page 268, quotation is made from Clark, Admr. v. Manchester, 62 N. H. 577 which is appropriate here.

"The excavation for a reservoir was not made and filled with water for a trap, but for a lawful use by the defendants on their own land. The averment of license and invitation to the child to go there is one of argument by inference from the facts stated, and the facts positively averred do not warrant and support the inference. The fact that children went to the reservoir pit from curiosity or from pleasure, without objection of the defendant, was not an invitation or license to go there. The child was not upon the land by invitation or under circumstances which made it the duty of defendant to protect him."

The second amended petition does not state a cause of action and the demurrer thereto was properly sustained.

We have before us the written opinion of Judge Baynes of the Common Pleas Court on sustaining the demurrers and are in accord with it in all particulars.

Judgment affirmed.

MILLER, PJ, DEEDS, J, concur.