WEBB, APPELLANT, *v.* CHANDLER, APPELLEE.
WEBB, ADMX., APPELLANT, *v.* CHANDLER, APPELLEE.

(Nos. 267 and 268—Decided June 4, 1959.)

*Mr. Charles H. Wilson*, for appellant.
*Messrs. Nichols, Speidel & Nichols*, for appellee.

GILLEN, P. J.   Both of the above entitled cases arose out of an automobile accident which occurred on U. S. Highway No. 52 at a point about five miles east of Manchester, Adams County, Ohio, on April 16, 1955.   On March 14, 1957, Helen Jo Webb, administratrix of the estate of Frank Webb, deceased, filed a petition in the Court of Common Pleas of Adams County, Ohio, to recover damages from Tommy Chandler for the death of her husband who was killed in the automobile accident.   The same day, Helen Jo Webb filed an action against Tommy Chandler seeking damages for personal injuries sustained by her in the same accident.   Since the companion cases present the same legal questions for determination, we will dispose of both in this opinion.

Pursuant to the filing of the petition on March 14, 1957, in the case of *Helen Jo Webb, administratrix of the estate of Frank Webb, deceased*, v. *Tommy Chandler*, a summons was caused to be issued on the petition on March 15, 1957, and on March 20, 1957, the summons was returned unserved by the Sheriff of Adams County, Ohio, for the reason that he had been unable to locate the defendant within Adams County.   On March 25, 1957,

an alias summons was issued to the Sheriff of Hamilton County, Ohio, and was returned March 29, 1957, showing that the defendant had been served at his residence in Hamilton County, Ohio. On April 17, 1957, the following entry was filed:

"On motion of the defendant and for good cause shown, defendant is given thirty (30) days additional time within which to answer or otherwise plead herein.

"s/s James W. Lang, Jr.
"Common Pleas Judge."

Thereafter, on May 2, 1957, defendant, entering his appearance for the purpose of the motion only, filed a motion to set aside the summons issued against him for the reason that he was a minor nineteen years of age at the time service of summons was made upon him. An entry filed August 31, 1957, reads as follows:

"This day this cause came on to be heard on the motion of the defendant to set aside the summons issued herein against him, the service thereof made on him and the return of the sheriff and on consideration thereof, the court finds said motion well taken and sustains the same.

"To which ruling and judgment of the court the plaintiff excepts. Exceptions noted.

"Approved: August    , 1957
"s/s Charles H. Wilson
    "Attorney for Plaintiff
"s/s Nichols, Speidel & Nichols
    "Attorneys for defendant.

"s/s James W. Lang, Jr.
"Judge."

On September 3, 1957, an alias summons was issued for defendant and his father and both were served with summons pursuant to the provisions of Section 2703.13, Revised Code of Ohio. On September 25, 1957, a demurrer to the petition was filed for the reason that it appeared on the face of the petition that the cause of action therein set forth did not accrue within two years next prior to the commencement of the action. On May 6, 1958, the trial court sustained the demurrer and dismissed plaintiff's petition. From this judgment an appeal on questions of law has been perfected.

The two errors assigned are:

1. The court erred in granting the appellee's motion to quash service of summons.

2. The court erred in sustaining the demurrer of the appellee to the petition of the appellant and dismissing the action of the appellant.

Section 2703.13, Revised Code, provides:

"When the defendant is a minor the service of summons must be upon him, and also upon his guardian or father or, if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons in the order named in this section."

The burden of causing a summons to be issued is cast upon the plaintiff. See *Smith* v. *Wagner*, 92 Ohio App., 531, 111 N. E. (2d), 268. In this connection we quote with approval from the opinion of Judge Washburn in the case of *Feigi* v. *Lopartkovich*, 38 Ohio App., 338, 341, 176 N. E., 670, as follows:

"In determining the question presented, we have but to keep in mind certain propositions of law, which it seems to us are sound and well established, and which are, first, that a minor can be sued and served with process only in the manner set forth in the statutes of Ohio; second, that a minor cannot waive compliance with said statutes; third, that, if the suit in question was not commenced within two years after the date of the accident, it is barred by the statute of limitations; and, fourth, that, regardless of when a petition is filed, a suit is not 'commenced' until a summons is issued which is thereafter properly served."

It is held in the case of *Lehman* v. *Horning, a Minor*, 100 Ohio App., 19, 135 N. E. (2d), 475, that:

"1. In an action brought against a minor defendant, the provisions of Section 2703.13, Revised Code, prescribing the manner of service upon infants, must be strictly observed before jurisdiction over the person of such minor can be acquired.

"2. Under the statute of limitations, an action is not 'commenced' until a summons is issued which is thereafter properly served, regardless of when the petition is filed."

The contention that defendant waived the requirement of proper service by requesting additional time in which to plead

or answer is without merit for the reason that a minor cannot waive such requirement. See *Feigi* v. *Lopartkovich, supra* (38 Ohio App., 338). In the case of *Russell* v. *Drake*, 164 Ohio St., 520, 132 N. E. (2d), 467, the defendant voluntarily appeared in court and entered his appearance after attaining his majority, thereby curing a defective service. Judge Bell, in his opinion, on page 522, said:

"It is conceded that service of summons on the defendant was ineffective to give the court jurisdiction over his person, because service was made on the minor defendant alone rather than upon him *and* his guardian, father, mother or person having the care of him or with whom he lived, as required by Section 11291, General Code (Section 2703.13, Revised Code)."

In the case at bar the original service had upon defendant was ineffective to give the court jurisdiction over his person. Plaintiff's petition was prepared as though defendant were an adult and the service of process caused to be issued treated him as an adult. When the matter of defendant's minority was brought to the court's attention by defendant's motion to quash the service of summons on May 2, 1957, plaintiff made no effort to correct the situation until after the court sustained the motion to quash on August 31, 1957. It is contended that the court sustained the motion without a proper hearing requiring proof of defendant's age. The journal entry recites, in part, as follows:

"This day this cause came on to be heard on the motion of the defendant to set aside the summons issued herein against him * * *."

We cannot go outside the record to determine the extent of the hearing mentioned in the entry. Furthermore, there is a presumption of regularity in court proceedings. It is not claimed by counsel for plaintiff that defendant was not a minor at the time of the service. As a matter of fact, subsequent to the court's order quashing the service, plaintiff caused an alias service to be issued on September 3, 1957, in compliance with the provisions of Section 2703.13, Revised Code, which provides for service upon a minor.

In support of the second assignment of error, plaintiff relies upon the saving provision of Section 2305.19, Revised Code, which reads as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *."

It is apparent that this statute is applicable only where an action has been commenced or attempted to be commenced. Section 2305.17, Revised Code, provides:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

In the case at bar the cause of action accrued on April 16, 1955, and the two-year period within which the action should have been commenced terminated April 16, 1957. The petition was filed March 14, 1957, and defendant was served with process March 29, 1957. In both the petition and the process of service caused to be issued defendant was treated as an adult. The fact that defendant was a minor was called to the attention of both the court and plaintiff on May 2, 1957, when defendant filed a motion to quash the service. Thereafter, plaintiff made no effort to obtain proper service until September 3, 1957, when an alias summons was caused to be served on both defendant and his father. Under such circumstances, it cannot be said that a diligent endeavor to procure a service upon defendant followed by a proper service within sixty days was attempted within the contemplation of Section 2305.17, Revised Code. Plaintiff is relying upon the petition originally filed without amendment and the alias summons caused to be issued in September 1957. The action was neither commenced nor attempted to be com-

menced within the two-year period as required by statute. It follows that the action does not fall within the provisions of Section 2305.19, Revised Code. The trial court properly sustained the demurrer and dismissed the petition.

*Judgments affirmed.*

RADCLIFF and COLLIER, JJ., concur.