BOBO, APPELLANT, *v.* BELL, APPELLEE.*

(No. 554—Decided October 16, 1959.)

*Messrs. Jenkins, Williams, Wendt, Murray & Deeg*, for appellant.

*Messrs. Rowland, Bridgewater & Gray*, for appellee.

RADCLIFF, J. This litigation arises out of an automobile accident that occurred on August 1, 1956, in Athens County,

*Judgment affirmed, 171 Ohio St., 311.

Ohio. The petition herein was filed in the Common Pleas Court on February 28, 1958. The appellee herein, then a minor, was served as an adult. There was never any service upon the other defendant named in the petition, one Sandelson N. Hartley.

On March 31, 1958, appellee, by counsel, requested and was granted an extension of time in which to plead. On April 15, 1958, appellee filed a motion directed to the petition to make definite and certain. That motion is pending at this writing. On August 31, 1958, the appellee, Blaine A. Bell, became 21 years of age.

On November 15, 1958, the appellee appeared specially by motion to quash service of summons for failure to comply with Section 2703.13 of the Revised Code, resulting in lack of jurisdiction over him. This motion was sustained, without objection by the appellant, and the suit was left pending on November 25, 1958.

On November 29, 1958, the appellant filed an amended petition in the case. Hartley was omitted from this pleading entirely. On January 9, 1959, appellant filed a praecipe for alias summons on Blaine A. Bell. This was followed by residence service the same day.

On February 6, 1959, appellee appeared, again specially, by motion to quash the service of January 9, 1959, because the cause of action alleged in the amended petition was barred by the statute of limitation; such being apparent on the face thereof. The trial judge treated this motion as a demurrer, sustained it and dismissed the cause of action; and from that action this appeal is taken.

Appellant asserts four assignments of error as follows:

1. The court erred to the prejudice of the appellant in sustaining the motion of the defendant-appellee to quash the service of summons made on the defendant-appellee, Blaine A. Bell, on January 9, 1959.

2. The court erred to the prejudice of the appellant in dismissing his cause of action.

3. The court erred to the prejudice of appellant in overruling his motion to reconsider.

4. For other errors appearing on the face of the record.

These assigned errors raise three questions:

1. Can service upon a minor without strict compliance with Section 2703.13 of the Revised Code *ever* confer jurisdiction over the person of a minor?

2. Did the appellee herein waive any of his rights as a minor *after* becoming an adult?

3. Was this suit "commenced" as defined in Section 2305.17 of the Revised Code so as to have available to it the "saving clause" of Section 2305.19 of the Revised Code?

We will attempt an orderly disposition of these questions. Service upon a minor in Ohio can be accomplished only in the manner provided in the statute. Substantial compliance is not available to cure any departure from the prescribed method or defect in complete compliance. It's either a "strike" or a "ball," and the result of good service is jurisdiction in the court and a suit that has been commenced, while defective service produces nothing but a nothing. See, *Feigi* v. *Lopartkovich*, 38 Ohio App., 338; *Smith* v. *Wagner*, 92 Ohio App., 531; *Lehman* v. *Horning, a Minor*, 100 Ohio App., 19. We conclude the answer to the first question to be, No.

The appellee, after attaining the status of an adult, did but one affirmative act, namely, object to the jurisdiction of the court over him. True he did it twice from point of time, but it was the same action. To be absolutely sure both appearances were made specially to avoid any appearance that might be general enough to confer jurisdiction. Such conduct does not indicate any intention to waive any rights, and cannot be so construed. The rule of *Russell* v. *Drake*, 164 Ohio St., 520, has no application to our case. The answer to the second question is, No.

Question number three is certainly not unique or unusual but it must be a confusing one as indicated by the frequency of its appearance. We feel that this is due in part to the tendency of judges and lawyers, alike, to ignore the title of Section 2305.19 of the Revised Code. It is exceedingly short and explicit. It should be accepted for what it is, namely, the expression of the legislative intent as to the effect and scope of the statute. The title is, "Saving in case of reversal." This statute was never intended as a device to extend the period of the statute on limitation of actions (Section 2305.03, Revised

Code) or cure defects in service of process. (Sections 2305.17 and 2703.13, Revised Code.)

The appellant relies upon the cases of *Templeman* v. *Hester*, 65 Ohio App., 62, and *Haisman* v. *Crismar*, 18 Ohio Law Abs., 180, to sustain his position. The conclusions reached in those cases are no longer the law in Ohio. This is best illustrated by reading the opinion of the Court of Appeals in *Kossuth* v. *Bear*, 96 Ohio App., 219, and then the opinion of the Supreme Court in *Kossuth* v. *Bear*, 161 Ohio St., 378; and the opinion of the Court of Appeals in *Russell* v. *Drake*, 70 Ohio Law Abs., 328, and then of the Supreme Court in the same case, *Russell* v. *Drake*, 164 Ohio St., 520.

Any influence left in the rule of *Haisman* v. *Crismar, supra,* is vitiated by the case of *Bronikowski, Admr.,* v. *Bigham,* 76 Ohio Law Abs., 65, particularly the third paragraph of the headnotes. In addition to the cases referred to above, the following authorities, *Feigi* v. *Lopartkovich, supra;* *Smith* v. *Wagner, supra;* *Lehman* v. *Horning, supra;* *Wentz* v. *Richardson,* 165 Ohio St., 558; and 27 A. L. R. (2d), 236 *et seq.;* 61 A. L. R. (2d), 305, 322, and 330, indicate the answer to the third question to be, No.

This court has recently passed on the same questions in *Webb* v. *Chandler,* 110 Ohio App., 193. The conclusions reached in that case are consistent with our conclusions here.

All the questions being answered in the negative, it follows that the assignments of error are not well taken and are overruled. The trial court properly dismissed the cause of action herein. The judgment appealed from is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and COLLIER, J., concur.