BYERS, JR., PLAINTIFF-APPELLANT, *v.* DOBIES, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26478.   Decided October 24, 1963.

*Messrs. Jamison, Ulrich, Hope, Johnson & Burt, Eastman, Stichter, Smith & Bergman*, for plaintiff-appellant.

*Messrs. Hauxhurst, Sharp, Cull & Kellogg*, for defendant-appellee.

ARTL, J. This is an appeal on question of law from an order of the Court of Common Pleas granting defendant's motion to dismiss plaintiff's petition on the ground that the petition was not filed within the time limit prescribed by law, and for that reason, the plaintiff's action was dismissed. The petition was dismissed on March 13, 1963, at plaintiff's costs, for which judgment was rendered.

The assignments of error urged by the appellant are:

1. The Court of Common Pleas of Cuyahoga County erred in granting defendant's motion to dismiss on the ground that the petition was not filed within the time limit prescribed by law and erred in dismissing plaintiff's petition,

and

2. Other errors of law on the part of the Trial Court appearing upon the face of the record herein.

The facts as shown by the record are these: An accident from which this lawsuit develops occurred on April 8, 1960. From plaintiff's petition we learn that plaintiff at the time of the accident was a minor and that he attained his majority on August 12, 1960. This being an action for bodily injuries and other damages, the statute of limitations expired on August 12, 1962.

The petition, with praecipe for service upon the defendant, was filed on August 10, 1962, and pursuant thereto, the Clerk of Courts on August 10, 1962, issued a summons to the Sheriff for service upon the defendant. The caption of the petition is as follows:

Harris D. Byers, Jr.
4249 Chester Drive
Youngstown, Ohio
Plaintiff

vs

Richard Dobies
35525 Miles Road
Chagrin Falls, Ohio
Defendant

The praecipe for service upon the defendant and Sheriff's return are as follows:

Praecipe reads:

"To the Clerk:

"Please issue summons, directed to the Sheriff of Cuyahoga County, Ohio, for service upon the defendant Richard Dobies, 35525 Miles Road, Chagrin Falls, Ohio. Make said summons returnable according to law and endorse thereon, 'action for money only—amount claimed $75,000.00 and costs.'"

Sheriff's return on August 18, 1962, as follows:

"On August 14, 1962, I served the within writ on the within named Richard Dobies by leaving at his usual place of residence a true and certified copy thereof, with all of the endorsements thereon."

Considering the caption of the petition, the praecipe filed with the Clerk, the summons that was issued, and the Sheriff's

return, it is apparent that the defendant was served as an adult. The record further discloses that defendant at the time of service was a minor; that on September 27, 1962, on oral motion, the plaintiff was given leave to amend his petition to show that the defendant was a minor and that on said date a praecipe for an alias summons was filed for service upon the minor defendant; that on October 5, 1962, a praecipe was filed for a pluries summons to issue for service upon the father or mother of the defendant minor. Pursuant to such summons so issued, service was completed upon the minor defendant and his father.

Thus it appears from the record that at no time before the expiration of the statute of limitations was there any attempt to get service upon the defendant *as a minor*; but it appears affirmatively that service was completed upon the defendant *as a minor* and upon his father within sixty days from the issuance of the summons that was issued prior to the expiration of the statute of limitations.

In the language of the appellant, there is in this case only one question of law. Was the plaintiff's action commenced within the period of limitations prescribed by law?

It is the contention of the appellant that the Supreme Court of Ohio has definitely determined the question in his favor in the case of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St., 498, 190 N. E. (2d), 441, reported in the May 13, 1963, issue of the Ohio Bar, in which the court states the law in the first paragraph of the syllabus as follows:

"1. The timely filing of a petition and a praecipe in the office of the clerk of the proper court is sufficient to cause a summons to be issued and to commence a civil action under the requirements of Section 2703.01 and Section 2305.03 et seq., Revised Code."

Appellant further contends that since the summons in this case was issued prior to the expiration of the statute of limitations on August 12, 1962, and service being completed within sixty days, the action was commenced timely within the contemplation of the provisions of Section 2305.17, Revised Code, which reads as follows:

"An action is commenced within the meaning of Sections

2305.03 to 2305.22, inclusive, and Sections 1302.98 and 1304.29, Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the part (sic) diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

The defendant's motion to dismiss was based upon the theory that the action was not properly commenced within the period of limitation. Specifically, the defendant's position is that the action was not properly brought since he was sued as an adult; the petition did not designate the defendant as a minor; the praecipe called for service upon the defendant as an adult and summons was served upon the defendant alone. Defendant, therefore, contends that in order to commence or attempt to commence a suit against a minor, a plaintiff must, before the expiration of the statute of limitations, file a petition and a praecipe requesting service of summons upon the minor defendant and also upon his guardian or father, or if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives, and, argues the defendant, anything short of this is a nullity and does not commence, or even attempt to commence, an action against a minor. Defendant further argues that the amendment of the petition after the expiration of the statute of limitations designating the defendant as a minor and the issuance of a pluries summons for service upon such minor and his father within sixty days of the issuance of the original summons is of no avail to plaintiff and consequently, under the law, the action was not properly commenced.

Prior to the case of *Robinson* v. *Commercial Motor Freight, Inc., supra,* the rule was that before the expiration of the statute of limitations, a petition had to be filed with a praecipe for summons and a summons issued, which thereafter was properly served. The effect of the decision in the *Robinson case* obviates the necessity of the issuance of a summons prior to the ex-

piration of the time limitations in order to deem an action commenced under the requirements of Section 2703.01 and Section 2305.03 et seq., Revised Code, provided, of course, that the summons is thereafter issued and such "summons is properly served on the defendant." *Robinson* v. *Commercial Motor Freight, Inc., supra,* paragraph two of the syllabus.

The precise question decided in the *Robinson case, supra,* is not in point in the case at bar. There is no question here as to the issuance of the summons. That was done prior to the expiration of the limitations statute. What we are concerned with is the validity of the service upon the defendant sued and served as an adult, when in fact, he was a minor.

The manner of service upon a minor is prescribed by statute. Section 2703.13, Revised Code, provides:

"When the defendant is a minor the service of summons must be made upon him, and also upon his guardian or father, or if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons in the order named in this section."

Defendant contends that the provisions of Section 2703.13, Revised Code, are mandatory and cites cases to that effect. The first of these is *Moriarty* v. *Westgate Center, Inc.,* 172 Ohio St., 402, 176 N. E. (2d), 410. That case involved the propriety of service upon a corporation under Section 2703.10, Revised Code, and would be of no significance in the case at bar except that the defendant in the *Moriarty case, supra,* relied upon other recent decisions of the Supreme Court which involved service under Section 2703.13, Revised Code. In its opinion on page 410, the court quotes a part of Section 2703.13, Revised Code, emphasizing the words "must" and "shall" contained therein as follows:

"When the defendant is a minor the service * * * *must* be upon him, and also upon * * * his father * * * service * * * *shall* be made on such persons in the order named * * *." (Emphasis added by the Supreme Court.)

Its comment with respect thereto was: "There are no such mandatory words in Section 2703.10, Revised Code," thus indicating the mandatory character of Section 2703.13, Revised Code.

The decisions referred to above in the *Moriarty case, supra,* as recent decisions of the Supreme Court, are *Juhasz* v. *Corson,* 171 Ohio St., 218, 168 N. E. (2d), 491, and *Bobo* v. *Bell,* 171 Ohio St., 311, 170 N. E. (2d), 730, both of which have been cited by the defendant herein.

These cases are very interesting because of the factual similarity they present to the case herein. Both grew out of automobile collisions, in which the defendants were minors, but sued as adults, and the minority of the defendants was not discovered until after the expiration of the statute of limitations.

In *Juhasz* v. *Corson, Jr., supra,* the plaintiffs within the two year period sued William J. Corson, Jr., and William J. Corson, Sr. Service was made on both as adults. The defendants filed a joint answer, containing no statement concerning defendant Corson, Jr.'s minority. About two months after the statute of limitations had expired, the plaintiff filed an amended petition, upon which service was made, on William J. Corson, Jr., as a minor, and on William J. Corson, Sr., as father, and guardian of such minor. Defendant filed a motion to quash summons and attempted summons and to dismiss the amended petition. The trial court treated said motion as a motion to dismiss and sustained said motion. From that order of dismissal, an appeal was taken to this court, which found that the saving provision of Section 2305.19, Revised Code, had no application and affirmed the lower court's judgment, which was later affirmed by the Supreme Court.

In *Bobo* v. *Bell, supra,* the accident occurred on August 1, 1956, and the plaintiff sued on February 28, 1958. On March 1, 1958, summons was served on defendant as an adult. The statute of limitations expired on August 1, 1958. Defendant became twenty-one years of age on August 31, 1958. On November 15, 1958, the defendant filed his motion to quash the attempted service of summons containing a proper reservation of limited appearance for the purpose of objecting to the jurisdiction of the court over the person of the defendant for failure to comply with Section 2703.13, Revised Code, prescribing the method of making service upon minors. The trial court sustained the motion and the suit was left pending. On November

29, 1958, an amended petition was filed, and on January 9, 1959, an alias summons was served on defendant. Defendant, "not intending to enter his appearance," moved to quash the service "on the ground that it is barred by the statute of limitations; said action not having been legally commenced within two years after the occurrence of the accident." The court treated the motion as a demurrer, sustained the same and dismissed the action and entered judgment accordingly. The court of appeals affirmed the judgment, as did the Supreme Court.

Although the question presented to the Supreme Court in *Juhasz* v. *Corson, supra,* was "whether Section 2305.19, Revised Code, provides a one year extension to the limitation period in which plaintiffs may bring their action," the court, after quoting said section, discussed in its per curiam opinion Section 2305.17, Revised Code, the section with which we are concerned. At page 219 of its opinion, the court stated:

"A minor can be sued and served with process only in the manner prescribed by Section 2703.13, Revised Code, * * *." and at page 220, the court said:

"The defendant, William J. Corson, Jr., a minor, was, within the two year statutory period for bringing the action, sued and erroneously served as an adult, and William J. Corson, Sr., was joined as a codefendant but was not named as father or guardian of the minor. There was no valid or effective issuance or service of summons on a minor within the two year period.

"The statutory requirements were not complied with within the two-year period, and, since a minor cannot waive the statutory requirements, the answer filed by the defendant cannot constitute a waiver of failure of service."

The judgment of the court of appeals was affirmed.

In the *Bobo* v. *Bell case, supra,* the question presented to the court is stated in its per curiam opinion: "Was the action commenced or attempted to be commenced within the period of two years following the accident, within the meaning of Section 2305.17, Revised Code?"

In its opinion, at page 312, the court stated:

"A minor can be sued and served with process only in the manner prescribed by Section 2703.13, Revised Code. The pur-

ported service of March 1, 1958, and return were made when defendant was a minor and as though he were an adult. The statutory requirements were not complied with within the two year period, and the motions above referred to filed by defendant cannot be construed as a waiver of the statutory requirements.

"The judgment of the Court of Appeals is affirmed on authority of *Juhasz* v. *Corson, Jr.*, ante, 218."

In addition to the foregoing, defense have cited the cases of *Lehman* v. *Horning, a minor*, 100 Ohio App., 19, 135 N. E. (2d), 475, and *Feigi* v. *Lopartkovich*, 38 Ohio App., 338, 176 N. E., 670, both of which are authority for the proposition that "under the statute of limitations, an action is not 'commenced' until a summons is issued which is thereafter properly served regardless of when the petition is filed."

The *Robinson case*, *supra*, as has been earlier noted, has changed this to the extent that the issuance of a summons, prior to the expiration of the statute of limitations, is no longer a requirement to constitute the commencement or attempted commencement of an action.

We have, of course, examined each of these cases but not one of them has dealt with the precise factual situation present in the instant case. In none of these cases did plaintiff, who mistakenly caused to be served with process a minor defendant as an adult, make any attempt to correct such a situation within sixty days as provided by Section 2305.17, Revised Code, as was done in the case at bar. It is correct to say that although the original erroneous summons was filed before the expiration of the statute of limitations, the praecipe for summons, which was eventually properly served, was filed after the limitation period expired, but within the sixty day period.

It is stated in the brief of the defendants that neither counsel for plaintiff nor counsel for defendant has found a case squarely in point.

Two additional cases have been called to our attention in plaintiff's brief. They are *Hershner* v. *Deibig*, 64 Ohio App., 328, 28 N. E. (2d), 784, and *Webb* v. *Chandler*, 110 Ohio App., 193, 168 N. E. (2d), 906. In the former the court pointed out that where summons is served on a minor and the person with

whom she lives, but there is a failure to designate the status of the minor in either the summons or return, there is an attempt to commence an action. In its opinion at page 337, the court, after reciting the factual situation developed therein, makes this comment:

"If this assumption is correct the first service conformed to the requirements of the statute except that the status of the minor defendant as a minor was not recited in the summons or in the return thereof. *Such omissions could have been supplied by proper proceedings to amend the summons and return thereof*, so that if the assumed state of facts existed, the proceedings had on the first summons constituted at least an attempt to commence an action if they did not constitute the commencement of an action." (Emphasis supplied.)

In *Webb* v. *Chandler, supra,* the court in discussing the provisions of Section 2305.17, Revised Code, at page 198, stated:

"In the case at bar the cause of action accrued on April 16, 1955, and the two-year period within which the action should have been commenced terminated April 16, 1957. The petition was filed March 14, 1957, and defendant was served with process March 29, 1957. In both the petition and the process of service caused to be issued defendant was treated as an adult. The fact that defendant was a minor was called to the attention of both the court and plaintiff on May 2, 1957, when defendant filed a motion to quash the service. Thereafter, plaintiff made no effort to obtain proper service until September 3, 1957, when an alias summons was caused to be served on both defendant and his father. Under such circumstances, it cannot be said that a diligent endeavor to procure a service upon defendant followed by a proper service within sixty days was attempted within the contemplation of Section 2305.17, Revised Code.

"Plaintiff is relying upon the petition originally filed without amendment and the alias summons caused to be issued in September 1957."

It should be noted that in the case at bar, the plaintiff within sixty days of the original summons, but after the statute expired, obtained leave to and did amend his petition to designate the defendant as a minor and issued alias summons for

the defendant as a minor and for his father which were properly served within said sixty day period.

A careful reading of the opinion in *Webb* v. *Chandler, supra,* gives rise to a reasonable implication that had the court been confronted with a factual situation such as herein found there would have been an application of Section 2305.17, Revised Code, and a holding that the action was properly commenced.

Section 2305.17, Revised Code, is a remedial statute. In its terms it provides a period within which by the exercise of due diligence a party who through mistake of his own or through circumstances over which he has no control would be denied his day in court is entitled to have such provision liberally construed in furtherance of its purpose. This principle has been recognized by the courts for a long period of time. The Supreme Court in its opinion in *Ross, Sheriff* v. *Willet,* 54 Ohio St., 150, 42 N. E., 697, stated at page 152:

"* * * the ineffectual service was the result of his own mistake, but there are provisions of the Code which were designed to relieve parties from the harsh consequences of mistakes made in proceedings under it, by permitting their timely correction, and those of Section 4988, General Code (Section 2305.17, Revised Code), are of that character."

This principle was likewise quoted in the opinion of the Supreme Court in the *Robinson case, supra.*

We, therefore, conclude and hold that the Court of Common Pleas committed prejudicial error in granting defendant's motion to dismiss on the ground that the petition was not filed within the time prescribed by law and erred in dismissing plaintiff's petition, to his prejudice. We find no other errors of law upon the face of the record herein.

The judgment of the Court of Common Pleas is reversed as contrary to law and the case is remanded to that court with instructions to overrule said motion and for further proceedings according to law.

SKEEL, P. J., and SILBERT, J., concur.