KRABILL, APPELLEE, *v.* GIBBS, A MINOR, APPELLANT. (Two Cases.)

[Cite as Krabill v. Gibbs, a Minor, 9 Ohio App. 2d 310.]

(Nos. 954 and 955—Decided March 4, 1967.)

*Messrs. Amerman, Burt, Shadrach, McHenry & Jones, Mr. Malcolm M. Kienzle and Mr. John P. Van Abel, for appellee.*

*Messrs. Day, Ketterer, Raley, Wright & Rybolt and Mr. Louis A. Boettler, for appellant.*

McLAUGHLIN, P. J.    These two appeals involve the same questions of law. They are combined and determined as one. The facts are not in dispute.

The plaintiff sued and obtained a judgment for bodily injuries sustained in an automobile accident which occurred on December 1, 1962. The defendant was a minor under 21 years of age. The suit and precipe for service were filed on November 14, 1964, within the two-year limitation of Section 2305.10, Revised Code. The sheriff's return filed November 27, 1964, shows regular residence service upon the defendant minor and his father with this notation "(defendant now in U. S. Armed Forces)."

Rule No. 9 of the Tuscarawas County Court of Common Pleas provides, in substance, for service of summons by mail, either certified or registered.

By an agreed stipulation of facts, this is what really happened in a later attempt to serve the defendant minor:

"6. * * * that the second of said summons intended for the defendant was *not left* for the defendant by the deputy sheriff *at the defendant's residence on November 19, 1964*, when he called at said residence, but the second summons was later mailed by another deputy by regular U. S. Mail [not registered or certified] addressed *to Charles H. Gibbs, the father of* the defendant, at 1228 Gorley Street, Uhrichsville, Ohio, which was the usual place of residence of the defendant, and it was received by said Charles H. Gibbs; and that nothing else was done in an attempt to serve summons at that time." (Emphasis added.)

The attempted service of the original summons upon the defendant minor was fatally defective, contrary to law, improper and ineffective, since it was mailed by ordinary mail, not registered or certified mail as required by the rule of the court, and it was addressed to the minor defendant's father instead of to the defendant himself. The attempted service was not in compliance with the statutes in such cases made and provided, and was therefore invalid. See *Feigi* v. *Lopartkovich*, 38 Ohio App. 338; *Lehman* v. *Horning*, 100 Ohio App. 19; *Bobo* v. *Bell*, 171 Ohio St. 311; *Juhasz* v. *Corson*, 171 Ohio St. 218; and *Hudzik* v. *Alcorn* 4 Ohio St. 2d 45.

On December 8, 1964, after the two-year statute had run, defendant moved to make the petition more definite and certain. This motion was sustained in part and plaintiff was ordered to file an amended petition, which he did on December 24, 1964. There was no service thereon.

The agreed stipulation of facts also provides:

"That the defendant was born on March 29, 1944, was under the age of 21 years, when the petition was filed, and became 21 years of age on March 29, 1965."

Thus the defendant's motion to make definite and certain was filed while the defendant was still a minor. The appearance and motion did not constitute a waiver of compliance with the statutes made and provided for service upon a minor. It is settled Ohio law that a minor cannot waive compliance with such statutes. See *Feigi* v. *Lopartkovich*, 38 Ohio App. 338.

Pertinent to this appeal, the next pleading filed was on

April 30, 1965, after the defendant became an adult. Defendant entered a special appearance and filed a motion to quash service of summons "for the reason that said defendant who was a minor under the age of 21 years at the time suit was originally filed never had proper service of summons made upon him." This motion was overruled.

Defendant's motion to quash, in effect, contended that the court lacked jurisdiction of his person by reason of the defective service and that the action was not brought within the time limited for such actions and was, therefore, barred. This contention the defendant thereafter raised by demurrer which was overruled.

On May 13, 1965, plaintiff filed a precipe for alias service of summons on the defendant and in fact obtained personal service on defendant, then an adult. This was after defendant's motion to quash. In our opinion this late service was ineffective and superfluous and only emphasized the fact that no proper or effective service was ever obtained upon the defendant minor during his minority or within the two-year limitation or the 60-day grace period of Section 2305.17, Revised Code.

Defendant then filed an answer in which he set forth as a first defense the same contention. After the answer was filed, defendant moved for summary judgment, which motion was overruled.

In overruling the demurrer, the trial court, by journal entry, made the following pertinent and material findings of fact:

"10. That the service of the original summons in this case on the minor was irregular and did not comply with the specific provisions of Sections 2703.08, 2703.13 and 2703.23 of the Revised Code and Rule 9 of this court.

"11. That said action was properly commenced within the period of two years as required by Section 2703.01 of the Revised Code and as construed by the Supreme Court in the case of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498.

"12. That Section 2305.17 of the Revised Code provides that an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a

service, if such attempt is followed by service within 60 days."

The trial court also made the following conclusion of law:

"The court therefore concludes that the *mailing* of the summons to the defendant directed to his usual place of residence by the sheriff's office under the aforesaid circumstances *was equivalent to leaving a summons* for the defendant at his usual place of residence, since the defendant actually received the same as shown by the fact that he filed a motion to strike certain portions from the petition and to make other portions more definite and certain within rule day, and was sustained." (Emphasis added.)

It is apparent that the trial court, in overruling the defendant's motion to quash and the demurrer and the motion for summary judgment, did so in reliance on the *Robinson case* (174 Ohio St. 498), the second paragraph of the syllabus of which reads:

"Where a plaintiff who is injured in a motor vehicle collision on the 20th day of January 1959 files a petition and praecipe in a proper court on the 20th day of January 1961, and the clerk of courts issues the summons to the sheriff on the 23rd day of January 1961, and such summons is properly served on defendant January 25, 1961, the action is commenced within the spirit of the statute of limitations."

We note that in *Robinson proper* service was obtained on defendant two days after the petition and precipe were filed and well within the sixty days after an attempt to commence the action as provided by Section 2305.17, Revised Code, In the instant case, no proper or effective service of summons was ever made within the two-year period of time. Therefore, the plaintiff's cause of action was not commenced in time, nor within sixty days after an attempt to commence the action.

Since *Robinson* has come *Mason* v. *Waters*, 6 Ohio St. 2d 212, the first paragraph of the syllabus of which reads:

"Within the meaning of Section 2305.17, Revised Code, as it read prior to amendment effective October 30, 1965, the filing of a petition and precipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement, where there has been no effective service of summons upon defendant within the time limit prescribed by that statute."

*Mason* presents a fact and pleading pattern very similar to the instant case. *Mason* distinguishes *Robinson,* calling attention by footnote, at page 215:

"In the instant case, the petition and precipe were filed prior to the expiration of the period of limitation, and summons was timely issued, *but proper service of summons was not obtained.* The question was whether the action had been commenced at all, since the court had no personal jurisdiction of the defendant." (Emphasis ours.)

And, on page 216, the following footnote appears:

"There is a definite difference between a summons not timely issued but properly served and a summons timely issued but not properly served. See note, 25 Ohio St. L. J. 407, 411. In the first instance, under *Robinson, supra,* the action is commenced. In the latter, under *Kossuth* v. *Bear, supra,* and *Wasyk* v. *Trent, supra,* it is not commenced."

In the body of the opinion, on page 217, it is stated that the requirements of Section 2305.17, Revised Code, are absolute.

It is our finding that the trial court in the instant case was in error when defendant's motion to quash service of summons was overruled.

It is our holding and finding that jurisdiction of defendant's person was not obtained and that the action has not been commenced within the statutory period of limitation.

The judgment of the trial court for plaintiff is, therefore, reversed and final judgment is rendered that the action be dismissed.

*Judgment reversed.*

RUTHERFORD and BROWN, JJ., concur.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Fifth Appellate District.