Timens, Appellant, v. Bernard Pipe Line Co., Appellee.

[Cite as Timens v. Bernard Pipe Line Co., 4 Ohio App. 2d 249.]

(No. 5646—Decided November 17, 1965.)

*Mr. Lawrence Landskroner*, for appellant.
*Messrs. Arter, Hadden, Wykoff & Van Duzer*, for appellee.

Doyle, P. J. This appeal is from a judgment of the Court of Common Pleas of Summit County which sustained a demurrer to an amended petition filed therein and dismissed the pleading upon the failure of the plaintiff to plead further.

The facts are in the record as follows:

On October 22, 1959, a collision occurred in Cuyahoga County between the automobile of plaintiff, Irving Timens, and a 1953 International T-9 Crane operated by a servant of the defendant, the Bernard Pipe Line Company, a resident of Summit County, out of which the plaintiff suffered personal injuries. The amended petition charges specifically that the "defendant is engaged in the business of laying pipe at various locations called for by its contract. That on the day in question the defendant, through its duly authorized agent acting within the scope of his authority, negligently operated a * * * crane * * * as will be more fully set forth hereinafter. That * * * plaintiffff was driving a vehicle along East 105th Street [Cleveland, Cuyahoga County, Ohio] in a southerly direction and that as he approached Austin Avenue, defendant, acting

through its duly authorized agent, negligently caused its crane to swing out into East 105th Street from its location near Austin Avenue with a piece of pipe attached * * * thereto, where it collided violently with the right side of the vehicle which plaintiff was driving. As a result of defendant's negligent operation of its crane, plaintiff was violently thrown against the left side of his vehicle causing him grave bodily injuries * * *.''

A demurrer was filed to the amended petition alleging ''that it appears upon the face of said petition that the cause of action therein set forth did not accrue within two years next prior to the commencement of this action or within one year of the dismissal of a prior action otherwise than on the merits, and for the reasons more fully set forth in the brief herein.''

Section 2305.10, Revised Code, is cited in support of the demurrer. This section reads:

''An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.''

The plaintiff, in his amended petition, in an attempt to secure the benefits of Section 2305.19, Revised Code, alleges ''that on the 18th day of October, 1961, within the two year statutory period for commencing such action, he commenced an action against the defendant herein on the cause herein set forth in the Common Pleas Court of Cuyahoga County, Ohio; that on the 17th day of October, 1962, said action failed and was dismissed other than on the merits for the reason that the service of summons was quashed; that at the time of such failure the ordinary statute of limitations had run; and plaintiff brings this action within one year after such failure.''

The pertinent parts of Section 2305.19, Revised Code, which are asserted by the plaintiff to give him the right to file his petition in Summit County after two years from the time of the accident are:

''In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *''

The appellant, plaintiff below, presents to this court a single assignment of error. It is:

"The Court of Common Pleas of Summit County erred in holding that the Court of Common Pleas of Cuyahoga County did not have sufficient jurisdiction to invoke the savings clause of Revised Code Section 2305.19."

It is obvious from the amended petition that the Court of Common Pleas of Cuyahoga County was without jurisdiction to entertain the action instituted there for the reason that it was not an action "for injury to a person or property, caused by the negligence of the owner or operator of a *motor vehicle*," within the meaning of Section 4515.01, Revised Code. (See Section 4501.01(B), Revised Code, which defines "motor vehicle.") The defendant was a resident of Summit County and only there could it be sued, and, as a consequence, the Court of Common Pleas of Cuyahoga County properly quashed the service of summons.

With this background, the following question is posed: Is the failure of an action resulting from the quashing of service of summons on the ground that the action was started in the wrong county a failure otherwise than upon the merits within the language of Section 2305.19, Revised Code?

In pursuing the answer to this *quaere,* there comes into focus another question: Can an action fail if proper service of summons has never been obtained? The statute, Section 2305.-17, Revised Code, entitled "Commencement of Action," provides that:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, * * * of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. * * *

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

In the case of *Kossuth* v. *Bear,* 161 Ohio St. 378, the Supreme Court held in paragraph two of the syllabus that:

"Under the provisions of * * * (Section 2305.17, Revised Code), the filing of a petition and praecipe for summons upon the defendant does not constitute 'an attempt to commence an action,' which 'shall be deemed to be equivalent to its com-

mencement,' where such attempt to procure service of summons is not followed by service at any time."

The opinion reflected the thought of the court in the following words, at page 384:

" * * * It seems axiomatic that a non-existent case can not be dismissed. In the present instance, for lack of service, no case came into existence in Lorain County. Therefore, as to the petition filed in Lorain County we hold that the plaintiff did not fail 'otherwise than upon the merits.' The plaintiff simply never had a pending case in Lorain County."

In the above case it must be observed that service of summons had been made on no one, and jurisdiction of the defendant had not been obtained.

In the case of *Wasyk* v. *Trent,* 174 Ohio St. 525, it was held that:

"Where a plaintiff institutes a civil action in a federal court and defendant appears generally by counsel and files a motion to dismiss on the ground that there is no diversity of citizenship, and that court, after a hearing, dismisses the action on that ground, the action is commenced and its dismissal is a failure of the action otherwise than upon the merits, and such plaintiff can bring a new action in a court of this state under the provisions of Section 2305.19, Revised Code. * * *"

In that case it appears that after a hearing in the federal court, where the defendant made a general appearance, that court determined that it lacked jurisdiction to hear the cause on its merits. The court did, however, have jurisdiction of the defendant for the purpose of determining its jurisdiction of the subject matter, and, as a consequence, the action was commenced even though the court determined later that it had no jurisdiction of the subject matter.

With these cases before us, we now turn to the case here for decision. If the court had jurisdiction of the person of the defendant even though it had no jurisdiction of the subject matter, we must hold that the action was commenced within the language of Section 2305.19, Revised Code. If it had no jurisdiction of the person, then, of course, the action was not commenced under *Kossuth* v. *Bear,* 161 Ohio St. 378.

It appears from the petition that: summons had been issued out of a court without jurisdiction of the subject matter;

the summons had been quashed because in law it was a nullity and could not bring the defendant within the jurisdiction of the court; at no place in the pleading does it appear that the Cuyahoga County Common Pleas Court ever had jurisdiction of the defendant, by general appearance or otherwise: and, therefore, an action had never been commenced there which could fail otherwise than upon its merits.

*Judgment affirmed.*

BRENNEMAN and HUNSICKER, JJ., concur.