BALDINE *v.* KLEE ET AL.

212

(Nos. 75741, 75742, 75743—Decided November 18, 1966.)

PONTIUS, J.   These three cases were argued together and submitted on separate motions in each case to quash service of summons.   The statement might be more aptly put that the motions are to quash the summons rather than the service of the summons because the manner of service is not seriously questioned.   The issues presented in each case are the same.   The facts are practically the same with the exception of some slight variation regarding dates which, in the opinion of the court, are not determinative so as to make one case or the situation with respect to one defendant distinguishable from the issue presented regarding any other defendant in any one case so far as the legal questions involved are concerned.

Plaintiff sued for libel.   The last publication of the claimed libelous matter was on November 2, 1964.   Plaintiff filed three actions on October 13, 1965, and filed praecipes which resulted in service of summons, together with a copy of the petition. In case No. 75741 three defendants, Reynolds, Weir, and Gibson are definitely "in court" by reason of having made a general appearance in one manner or another.   All of the other defendants in these three cases within rule day and on or before November 12, 1965, filed motions to quash service of summons. Hearing for oral arguments was held December 17, 1965, and the cause submitted with briefs.   On December 28, 1965, in a

written opinion the court sustained the motions to quash. The journal entry sustaining the motions was signed January 3 and filed January 4, 1966.

The original service of summons was quashed, not for faulty service or the manner of making service or the return of service, but upon the ground that the writ itself was defective in that it failed in its command provisions to comply with Section 2703.03, Revised Code.

On January 5, 1966, plaintiff filed an alias praecipe for alias summons and caused valid summons to be issued and served. It is this second summons to which the motions to quash are directed, not for a claimed defect in the manner of service, nor for any claimed defect in the writ itself, but upon the ground that from the entire record in each case it appears that the one year Statute of Limitations for the bringing of an action for libel had run before plaintiff filed his alias praecipe.

Before going into the merits of the real basic issue involved in these cases a procedural question is presented, and that is whether or not the running of the statute of limitations may be raised on the motion to quash or must such question be raised only by special demurrer or affirmative defense by answer. It would seem that this preliminary question is rather easily determinable. When the issue is presented by the record, no good reason appears why the court ought not to decide the basic issue at the first stage of presentment, despite the fact that it may be raised also by special demurrer or allegations in an answer by way of affirmative defense. In *Wentz* v. *Richardson,* 165 Ohio St. 558, syllabus 1 reads as follows:

"In a civil action the bar of the statute of limitations may be properly and effectively raised by a motion to dismiss the action, where it is apparent from the entire record before the court that the period of limitation has run through failure to obtain timely service of summons on the defendant and no good reason is advanced as to why the record should not prevail."

This court is of the opinion that the same reasoning should apply when the issue is raised by a motion to quash summons and such will be the ruling of this court.

The first issued raised is, did plaintiff properly commence these actions on October 13, 1965.

Section 2703.01, Revised Code, provides: "A civil action

must be commenced by filing in the office of the clerk of the proper court the petition and causing a summons to be issued thereon.''

A plaintiff ''causes'' summons to be issued by the filing of his praecipe. See Section 2703.02, Revised Code. The actual issuance by the clerk of the summons to the sheriff within the period of the statute of limitations at one time was necessary but this is no longer the law; only the filing of a valid praecipe is necessary so far as any action that plaintiff must take is concerned, providing, of course, that actual service is eventually had. See *Robinson* v. *Commercial Motor Freight,* 174 Ohio St. 498. Therefore, plaintiff had but to file a proper and valid praecipe which called for the issuance of a valid summons within the purview of Sections 2703.02 and 2703.03, Revised Code, to have properly commenced his action on October 13. This, however, plaintiff did not do. His praecipe did not conform to the requirements of Section 2703.02, Revised Code. That statute was amended October 14, 1963, and as so amended required plaintiff to file a praecipe and to ''set forth therein * * * the nature of the relief sought and if it is for the recovery of money, the amount for which judgment is asked with interest, if any, and demanding that a summons issue.''

Plaintiff's praecipe directed to clerk to endorse on the summons the fact that the petition was for money only, together with the amount claimed, but it did not call upon the clerk to issue a summons setting forth therein, or in other words, within the body of the summons itself the fact that the action was for money only, together with the amount claimed.

We suspect that in fact plaintiff was not cognizant of the change in this statute. The summons which the clerk in fact issued was in accord with the directions of plaintiff's praecipe. It did not, however, within its command provision comply with the requirements of Section 2703.03, Revised Code, and therefore was a faulty summons and quashed upon motion by previous order in this case by this court.

Except for the possible application of Section 2305.17, Revised Code, plaintiff must have commenced his actions within one year of November 2, 1964, the date of the last publication of the claimed libel and his initial ''commencement'' of his ac-

tions must be followed by service of valid summons. See *Hoehn v. Empire Steel,* 172 Ohio St. 285; *Kossuth v. Bear,* 161 Ohio St. 378; *Juhasz v. Corson,* 171 Ohio St. 218; *Wentz v. Richardson, supra.*

Under the provisions of Section 2305.17, Revised Code, an action is deemed commenced within the meaning of the statute of limitations according to the date of the summons which is served upon the defendant. Therefore, if this court was correct in its prior ruling wherein the original summons were quashed, plaintiff's actions herein were not commenced on October 13, 1965.

The next question is whether plaintiff's actions are saved from the effects of the one year statute of limitations (Section 2305.11, Revised Code) by reason of Section 2305.19, Revised Code, the pertinent parts of which provide as follows:

"In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and (statute of limitations) has expired, the plaintiff * * * may commence a new action within one year after such date * * *"

By the provisions of Section 2305.17, Revised Code, "An attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

Was there on October 13, 1965, an "attempt to commence" these actions by plaintiff within the meaning of the statute? In order to so conclude it must be found, 1) that plaintiff "diligently endeavored to procure a service," and 2) actual service of process must have followed within sixty days of such diligent effort. Plaintiff's first endeavor to procure a service was by his filing of faulty praecipes which resulted in faulty or insufficient summons, which were quashed. The motions to quash the first summons were filed on or before November 12, 1965, and copies were served upon counsel for plaintiff. Thus, after notice of a challenge to service by the motions to quash, plaintiff still had until December 12, 1965, or thirty days, within which to procure service. He had sufficient time within which to file alias praecipes in proper content to obtain valid service of summons, which he eventually did do, but not until January 5, 1966. This hardly seems to be a "diligent endeavor" on plaintiff's

part. He chose to await the outcome of the court's ruling on the motions to quash before taking further steps to procure service.

Regardless of all else, plaintiff must have procured service within sixty days of October 13, 1965. This he did not do; in fact, one might say he chose to sit on his praecipes and the original service of summons to await the outcome of the court's ruling on the motions to quash. When this ruling proved to be adverse, plaintiff then, and only then, moved toward obtaining valid service of process; but in the meantime the statute of limitations had run against his cause of action. In *Baltimore & Ohio Rd.* v. *Collins*, 11 O. C. D. 334, it was specifically held that the sixty day period in question here begins to run from the attempt to make service and not from the time when the court determines that the original service is defective. Therefore, plaintiff's "attempt to commence" these actions on October 13, 1965, was not the equivalent to the "commencement" thereof, within the meaning of Section 2305.17, Revised Code.

Plaintiff's filing of the alias praecipes on January 5, 1966, will be considered as the "commencement of a new action" within the purview of Section 2305.19, Revised Code, even though there was no dismissal as such of his actions when the motions to quash were sustained. Can plaintiff be said to "have failed otherwise than upon the merits" within the meaning of Section 2305.19, Revised Code?

Is the failure of plaintiff to obtain an effective service of summons at any time within the sixty day limitation of Section 2305.17, Revised Code, such a "failure otherwise than upon the merits" so as to allow plaintiff to thereafter procure valid service of process and save his cause of action from the statute of limitations? It seems without question that he cannot. There must have been an effective, valid service of process before plaintiff can come within the savings clause of Section 2305.19, Revised Code. Thus, in the following cases such relief was denied: *Kossuth* v. *Bear,* 161 Ohio St. 378, where plaintiff failed to get service of process because he chose the wrong county of residence for the defendant; *Juhasz* v. *Corson,* 171 Ohio St. 218, where there was no valid service of process on the minor defendant within the statutory period; *Hoehn* v. *Empire Steel,* 172

Ohio St. 285, where plaintiff brought his action in the wrong county so far as venue is concerned and service was had upon an individual who was not an agent of the defendant corporation; *Bobo* v. *Bell,* 112 Ohio App. 357, affirmed 171 Ohio St. 311, and *Webb* v. *Chandler,* 110 Ohio App. 193, where plaintiff caused defendant to be served as an adult when in fact he was a minor; *Lehman* v. *Horning,* 100 Ohio App. 19, where plaintiff did not properly identify the minor defendant and his father upon whom process was to be served; *Timens* v. *Bernard Pipe Line,* 4 Ohio App. 2d 249, where plaintiff mistakenly thought the motor vehicle venue statute applied to a certain accident when in fact it did not and he brought his action in the wrong county.

In *Mason* v. *Waters,* 6 Ohio St. 2d 212, plaintiff directed summons to the wrong county of defendant's residence and the service was quashed because the sheriff went out of his bailiwick to serve the defendant. Then after the statute of limitations had run plaintiff filed an alias praecipe and obtained the proper service. Defendant contended that Section 2305.17, Revised Code, applied and that the action failed because the statute of limitations had run since there was no service within the sixty day limitation of the statute. Plaintiff contended that Section 2305.19, Revised Code, was applicable and that the savings clause granted him one year from the date of ruling on the motion to quash service within which to commence a new action. The court held as follows:

"1. Within the meaning of Section 2305.17, Revised Code, as it read prior to amendment effective October 30, 1965, the filing of a petition and praecipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement, when there has been no effective service of summons upon defendant within the time limit prescribed by that statute.

"2. In an action for bodily injuries, where a petition and praecipe are filed within two years from the accrual of the cause of action and summons is issued for defendant, but service of summons is quashed after the expiration of the two-year limitation period prescribed by Section 2305.10, Revised Code, upon the ground that there was no effective service of summons upon the defendant, the ruling of the court on the motion to quash is

not a failure 'otherwise than upon the merits' so as to authorize the bringing of a new action within one year from the date of dismissal under Section 2305.19, Revised Code.''

*Mason* v. *Waters* seems almost completely dispositive of the issues in this case. In *Mason* and in the other cases cited above a variety of reasons appear as to why the original service of process was not effective and hence invalid. It seems clear from these cases that at least where the blame or fault for not acquiring valid service of process lies at plaintiff's doorstep he cannot avail himself of the savings clause of Section 2305.19, Revised Code. Here, process was quashed because a writ was defective and yet it was issued in accordance with plaintiff's praecipe. A praecipe is a written order addressed to the clerk of a court requesting the issuance of a specified writ and containing the pertinent information therefor. Webster's Third New International Dictionary. If the praecipe had been sufficient under Section 2307.02, Revised Code, no doubt valid process would have issued. The present cases are distinguishable, if at all, from those last cited above only upon the ground that here the content of the writ resulted in the order to quash, whereas in the other cases cited the ground for quashing service lay in the manner, place, or time of service. This seems like a "distinction without a difference." The point of inquiry is: Was there an effective service of process? If there was, then Section 2305.19, Revised Code, may apply, depending on whether plaintiff "failed otherwise than upon the merits." But a failure to cause valid process to issue in the first instance when not followed by service within the time limits of Section 2305.17, Revised Code, certainly cannot constitute the "failure otherwise than upon the merits" and still allow plaintiff to proceed when the statute of limitations has already run. An action must have been commenced before there can be a failure of it.

In conclusion, it is the opinion and finding of the court:

1. That the initial praecipe filed in these actions were insufficient to comply with Section 2703.02, Revised Code.

2. That these actions were neither commenced nor attempted to be commenced within the meaning of Section 2305.17, Revised Code, on October 13, 1965.

3. That the one year statute of limitations (Section 2305.11, Revised Code), for the bringing of these actions for libel had

run before the filing of the praecipes for alias summons on January 5, 1966.

4. That the lapse of the statute of limitations is a bar to these actions and that same is not a "failure otherwise than upon the merits" within the meaning of Section 2305.19, Revised Code.

5. Finally, that the motions to quash the alias summons ought to be and are hereby sustained, treated by the court the same as a special demurrer and the petition in each case is hereby dismissed and judgment for costs in each action is rendered against the plaintiff.

John M. Newman, of Falls, Hazel & Kerr, counsel for Ralph B. Hoffman, is hereby directed to prepare separate journal entries in each case consistent with this opinion and submit each to all interested counsel for consideration and for the approval as to form by appropriate representative counsel, and then to the court for final approval and signing.

IT IS SO ORDERED this 18th day of November, 1966.

The court wishes to express its appreciation for the excellent briefs and pointed oral arguments presented by counsel for all parties.